This cause was before the Court at the Fall Term, 1903 (133 N.C. 195), when all matters in controversy were disposed of, except the rents and the Bradham loan. It was sent back to the referee (531) for the purpose of passing upon these items in the account. *Page 396 
Upon the hearing the plaintiffs abandoned their claim for rents. The referee found as a conclusion of fact, largely upon defendant's own evidence, that he did not keep the funds of his wards separate from his own, but charged each item upon its receipt against himself, with compound interest, and placed such money in his personal funds. That, as appears by his account, he owed his wards, 1 January, 1899, $589.19. On 10 January, 1889, he loaned to Bradham $700, taking a note payable to himself as guardian, and taking mortgage on real estate in same capacity to secure the loan. The money was not paid, and in his efforts, under the advice of counsel, to foreclose the mortgage, he made a compromise and bought the real estate in for $565.10, taking deeds to his wards. He also paid out several amounts for counsel fees and costs, amounting to $122.65. By reason of a defect or mistake in the description of the real estate, upon which defendant supposed he was getting a mortgage, a loss was sustained. The referee, upon this conclusion of fact, found as a conclusion of law" that the transactions between W. H. Williams and George W. Bradham were the personal transactions of W. H. Williams, and not transactions by him as guardian." He held that defendant was not entitled to credit for the amount paid out for the purchase of lot and expenses. Exceptions were duly filed to the referee's conclusions of fact and law. His Honor overruled the exceptions and confirmed the report, rendering judgment accordingly. Defendant excepted, assigned error and appealed.
after stating the case: No question affecting the bona fides of defendant's conduct in regard to the Bradham loan, or (532) his action in regard to it, is made. It is found that in his action regarding the property he acted under advice of counsel. The difficulty which defendant encounters in his application to have the amounts claimed by him allowed as credits grows out of the finding of fact, which is supported by his own evidence, that on 10 January, 1889, he had no funds, in the sense of notes, bonds or money, on hand belonging to his wards. He owed them, on a balance struck, $589.19. He loaned Bradham $700 of his own money and in perfect good faith, intending thereby to secure to his wards the amount due them, taking a note and mortgage to himself as guardian. He could not loan his wards' funds, because he had none. He was simply their debtor to the amount of $589.19. He could not pay this debt by investing his money in a note *Page 397 
and mortgage for $700, payable to himself as guardian. If the investment resulted in a loss of the money, it was his misfortune and not theirs. If he had, upon stating his account, paid to himself in money the balance due, by depositing in bank or setting apart the specific amount separate from his own money, the money with which alone he could pay the debt would have become the property of his wards. If he had, as was his duty, loaned out this amount, using that degree of prudence in regard to security imposed upon him, he would in the event of loss have been absolved from liability. The learned counsel for defendant are entirely correct in their contention that only good faith and due diligence are required of a guardian in dealing with his ward's money. The authority cited by them and many others, sustains this position. Covington v.Leak, 67 N.C. 365; Luton v. Wilcox, 83 N.C. 26. The difficulty is that he was not dealing with his wards' estate, but with his own money. If upon coming of age the wards had, as they were entitled to do, ratified the transaction and accepted the property, there would have been no further liability on the guardian, but they were not compelled to do so. They rejected it and demanded the money due them. This they were entitled to do. The only safe rule to be observed in dealing (533) with trust funds is that prescribed by the law, to keep them separated from the personal funds of the trustee. We find no reason for disturbing the judgment. It must be
Affirmed.