STATE OF NORTH CAROLINA EX REL. B. L. PHIPPS, GUARDIAN OF FLOR-
ENCE BAGWELL AND LEROY F. BAGWELL, v. ROYAL INDEMNITY
COMPANY.

(Filed 4 November, 1931.)

**1. Guardian and Ward H a—Recovery may be had against surety on
guardian's bond without first determining liabilities on other bonds
covering default.**

Where an assistant clerk of the Superior Court has been appointed
guardian of the estate of a minor by the clerk and has given bond and has
defaulted, causing loss to the estate of the minor, upon the minor's com-
ing of age he and the new guardian appointed may sue upon the
guardianship bond (C. S., 2161) and where he sues upon the guardian-
ship bond neither the clerk of the Superior Court nor his sureties on his
bond is a necessary party, so far as his action is concerned, and the
refusal of a motion to make them parties is not error.

**2. Same—Surety on guardian's bond is estopped to deny validity of
appointment of guardian when bond recites that appointment was
duly made.**

The surety on a guardianship bond is estopped to deny the validity
of the appointment of a guardian when the bond signed by the surety
recites that the guardian had been duly appointed.

STACY, C. J., not sitting.

APPEAL by defendant from *Midyette, J.,* at March Term, 1931, of
NEW HANOVER. Affirmed.

The judgment in the court below is, in part: "The court is of the
opinion that W. N. Harriss, M. J. Shuffler and the United States
Fidelity and Guaranty Company are not necessary parties to this action,
and the court, in its discretion, denies said motion . . . and this
cause is retained for further order."

The defendant's only exception and assignment of error is as follows:
"His Honor was in error in signing the judgment set out in the record
and in holding that W. N. Harris and M. J. Shuffler and the United
States Fidelity and Guaranty Company, were not proper or necessary
parties to this action, for that the said M. J. Shuffler was the assistant
clerk of the court, and money in question was paid in to the office of
the clerk of the court and the clerk of the court received the benefit
thereof, and was the depository thereof, and the clerk of the Superior
Court appointing his said assistant as guardian, was the same as ap-
pointing himself as guardian, and the money then being deposited
in his office, that he was a proper party, and also the United States
Fidelity and Guaranty Company, the surety on his bond, for the proper
accounting of all moneys in the clerk's office and being the surety on
the bond of M. J. Shuffler, assistant clerk of the Superior Court, to

the said W. N. Harris, clerk of the Superior Court, and that this honorable court should not maintain a suit about a guardian's funds exercising its probate and equitable jurisdiction against a surety when its own court and registry and clerk, through his assistant clerk, have the funds in question without making them parties."

*Woodus Kellum and Burney & McClelland for plaintiff.*
*I. C. Wright for defendant.*

CLARKSON, J. The main question involved in this appeal: In an action against the surety on a guardian's bond, when the guardian has defaulted and his whereabouts unknown, and the defendant is the sole surety, and claims that the guardian, who was assistant clerk of the Superior Court, had given to the clerk of the Superior Court a bond in another bonding company for his faithful performance of his duties as assistant clerk of the Superior Court, is the clerk of the Superior Court or the bonding company on the assistant clerk of the Superior Court bond necessary or proper parties to said action? We think not under the facts and circumstances of this cause.

Under N. C. Code, 1927 (Michie), 934(a), Pub. Laws 1921, chap. 32, 3 C. S., 934(a), each clerk of the Superior Court by and with the written consent and approval of the resident judge, may appoint an assistant clerk. The assistant clerk to take the oath prescribed for clerks, shall have same powers and duties, and it is further provided: "The several clerks of the Superior Court shall be held responsible for the acts of their assistant clerks, and the official bonds of such clerks as now provided by law shall be written to and shall cover the acts of their assistant clerks."

M. J. Shuffler was duly appointed and qualified as assistant clerk of the Superior Court of New Hanover County, North Carolina, in accordance with the above statute.

C. S., 2150, is as follows: "The clerks of the Superior Court within their respective counties have full power, from time to time, to take cognizance of all matters concerning orphans and their estates and to appoint guardians in all cases of infants, idiots, lunatics, inebriates, and inmates of the Caswell Training School."

C. S., 2157: "The clerk of the Superior Court must issue to every guardian appointed by him a letter of appointment, which shall be signed by him and sealed with the seal of his office."

C. S., 2161: "No guardian appointed for an infant, idiot, lunatic, insane person or inebriate, shall be permitted to receive property of an infant, idiot, lunatic, insane person or inebriate until he shall have given sufficient security, approved by a judge, under the direction of the court."

About 18 January, 1929, M. J. Shuffler, assistant clerk, was duly appointed by the clerk and qualified as guardian of Florence and LeRoy F. Bagwell, minors, and received as such guardian from the administrator of the estate of said minors' father, the sum of $1,386.56, on 6 August, 1929. The said Shuffler, when appointed guardian as aforesaid, gave bond in the sum of $2,600, and the defendant Royal Indemnity Company, defendant, signed same as surety. The obligation was to the State of North Carolina for the benefit of said minors. The following appears in the bond: "The condition of this obligation is such, that whereas *the above bounden, M. J. Shuffler, is constituted and appointed guardian to LeRoy Floyd Bagwell and Florence Bagwell, minor orphans.* Now, if the said M. J. Shuffler shall faithfully execute his guardianship and particularly shall well and truly secure and improve all of the estate of the said LeRoy F. Bagwell and Florence Bagwell until he (they) shall arrive at full age, or be sooner thereto required, and shall render a plain and true account of his guardianship on oath before the clerk of the Superior Court for New Hanover County, and obey the law in all cases as required by the acts of assembly, and deliver up, pay or possess the said LeRoy F. Bagwell and Florence Bagwell of all such estates as he (they) ought to be possessed of, when lawfully required by said LeRoy F. Bagwell and Florence Bagwell or to such other persons as shall be lawfully empowered or authorized to receive the same, and the profits arising therefrom, then this obligation to be void, otherwise to remain in full force and virtue."

At November Term, 1930, of the Superior Court of New Hanover County, North Carolina, from the report of the grand jury that the said Shuffler, guardian as aforesaid, had defaulted and misapplied the funds belonging to said wards (C. S., 2197), it was ordered by the court that said Shuffler be removed as guardian of said Florence and LeRoy Bagwell's estate. On 11 December, 1930, B. L. Phipps was duly appointed and qualified as guardian of Florence Bagwell. LeRoy F. Bagwell had attained the age of 21 years and had demanded from said Shuffler his part of the funds, and had only received $40.00. It is alleged in the complaint that said Shuffler "has defaulted and misappropriated said funds and that he had fled the jurisdiction of this court and that his whereabouts are unknown," the latter the defendant admits.

In *Loftin v. Cobb,* 126 N. C., at p. 61, the following principle is laid down: "When the wards have remedy against different persons in different capacities and against several bonds and bondsmen, they are at liberty to elect whom they will pursue, and the question of contribution and adjusting equities does not arise until the debt is paid by some

one of them, with which matters the plaintiffs have no concern. These questions, and many others of like nature, are so thoroughly considered and well expressed in the following case that we refer and call attention to it—*Harris v. Harrison,* 78 N. C., 202."

In *State ex rel. Barnes v. Lewis,* 73 N. C., 138, it is held: "Where A. was appointed guardian of B. by a county court, of which at the time of his appointment he was an acting justice: *Held,* that the fact that he was so acting, did not render nugatory his appointment, so as to discharge C., as surety on the guardian bond, from liability to the ward." At p. 139, the Court said: "There can be no doubt of the general proposition that no man is allowed to act as judge in a matter in which he has an interest, except to make such formal orders as may be necessary in order to continue the case, or to send it to some other court competent to try it. . . . But it is unnecessary to pursue the investigation of this subject on general principles. We consider that the liability of the defendant is established by the act of 1842, Revised Code, chap. 78, sec. 9 (C. S., 324), which enacts, in effect, that every bond taken under the sanction of a court of record for the performance of any duty belonging to any officer, etc., shall be valid, notwithstanding any irregularity or invalidity in the conferring of the office. *S. v. Poole,* 5 Ire., 105. Independently of this statute, the defendant is estopped to deny that Speight was rightfully appointed guardian of the relator. It is so recited in the bond, and it is established law that although a mere *general* recital in the body of the bond does not create an estoppel, yet a *particular* recital, that is, of such facts as were the inducement moving to the execution of the bond, does. *Hays v. Askew,* 5 Jones, 63; Bigelow on Estoppel, 295, 313; *Cutter v. Dickinson,* 8 Rik., 386; *Bruce v. United States,* 17 How., 437."

"Surety upon bonds estopped from denying the recitals of the bond." See Starnes on Suretyship, 3d ed. sec. 134, p. 215, at p. 216: "Where the bond recites that the principal has been appointed as agent, or to some other position of trust, the surety will be estopped from denying the appointment."

As to the next question involved: Will an appeal lie from an order, made in the court's discretion, denying defendant's motion to make additional parties defendants, or is same premature? We do not think it necessary to pass on this question. See *Trust Co. v. Whitehurst, ante,* 504. For the reasons given, the judgment of the court below is

Affirmed.

STACY, C. J., not sitting.