STATE OF NORTH CAROLINA on the Relation of B. L. PHIPPS, Guardian of FLORENCE BAGWELL and LeROY BAGWELL, and FLORENCE BAGWELL and LeROY BAGWELL, v. ROYAL INDEMNITY COMPANY.

(Filed 2 November, 1932.)

1. **Clerks of Court B a: Guardian and Ward H a—Payment of ward's funds to assistant clerk appointed guardian is not payment into court.**

Where the funds of minors are paid into the hands of the assistant clerk of the Superior Court as their guardian, the assistant clerk having been regularly appointed guardian by the clerk and having given bond executed by a surety company: *Held*, the funds were not paid into court, but to the assistant clerk as guardian, and the guardianship bond is liable for misapplication of the funds by the guardian, and the surety on the guardianship bond may not successfully contend that the clerk's bond was liable therefor, N. C. Code, 934(a), the commingling of the guardianship funds by the assistant clerk with deposits made by him in his official capacity, and his failure to prove payment into court, tending to establish a breach of his trust as guardian.

2. **Guardian and Ward H a—Guardianship bond covered all funds paid to guardian for which ward or third person had rightful claim.**

Where a guardianship bond for two wards is executed with a surety company, and the surety company claims that the bond as originally executed contained the name of one ward only and that the name of the other was later inserted, and in an action on the bond to recover the amount due both wards the surety tenders evidence to this effect which

is excluded: *Held*, the exclusion of such evidence does not constitute prejudicial error since the bond would be liable for the whole sum paid to the guardian under the provisions of the bond obligating the parties to the faithful performance of the guardianship and to account for the funds to the ward "or such other persons as shall be lawfully empowered to receive the same."

3. **Appeal and Error J e—Relevancy of excluded testimony must be made to appear on appeal.**

Where the relevancy of proposed testimony excluded upon the trial is not made to appear on appeal an exception to its exclusion will not be sustained.

4. **Same—Exceptions to admission of testimony in this case are not sustained.**

In an action against the surety on a guardianship bond executed by an assistant clerk who had been appointed guardian by the clerk: *Held*, exception to testimony by the clerk that he knew the amount due the wards will not be sustained on appeal when the clerk has identified a record in his office showing the amount the guardian had received and the amounts lawfully paid out by the guardian are not in dispute.

5. **Trial F b—Issues tendered by defendant held not relevant to inquiry and refusal to submit them was not error.**

Where the ward's funds have been paid into the hands of an assistant clerk as guardian under appointment by the clerk, and the guardianship bond has been duly executed with a surety company, in an action against the surety company for breach of the bond: *Held*, the liability of the clerk's bond is not relevant, and issues tendered relating to such liability and to whether any of the funds had inured to the benefit of the clerk's office, and whether the funds had been commingled with official deposits by the assistant clerk are properly refused.

APPEAL by defendant from *Small, J.*, at February Term, 1932, of NEW HANOVER. No error.

This is an action on a guardian's bond. It is alleged that on 18 January, 1928, M. J. Shuffler was appointed guardian of Florence Bagwell and LeRoy F. Bagwell, minors, and that on the same day he executed his bond as guardian with the defendant as his surety thereon. He immediately entered upon the discharge of his duties. On 6 August, 1929, the administrator of Oscar LeRoy Bagwell, father of the minors, paid to M. J. Shuffler, for their benefit, the sum of $1,386.56. LeRoy F. Bagwell reached the age of 21 on 6 September, 1929, and thereafter demanded of the guardian the amount due him. He and his wife received $50 from the guardian; Florence Bagwell has received nothing. She, also, is now of age. It is admitted that demand was made upon the defendant for payment and that payment was refused.

The plaintiffs allege that Shuffler made default as guardian and appropriated to his own use the funds of his wards and that the defendant

is liable on the default. Shuffler was removed from the position of guardian at the November Term, 1930, of the Superior Court. Thereafter, on 11 December, 1930, B. L. Phipps was appointed and qualified as guardian of Florence Bagwell. Summons in this action was issued 18 December, 1930. In their complaint the plaintiffs demand judgment for $1,346.56 with interest from 6 August, 1929, and costs.

In its further answer the defendant alleges that it signed the bond for Shuffler as guardian of LeRoy F. Bagwell only and not as guardian of Florence Bagwell; that Shuffler who had been out of the jurisdiction of the court had returned to Wilmington and should be made a party to the action, and that this action be consolidated with another brought by the plaintiffs against the clerk of the Superior Court.

At the trial the following verdict was returned:

In what amount, if any, is the defendant indebted to the plaintiff? Answer: $1,386.56, with interest from 6 August, 1929, less $50 paid 21 October, 1929, and less $13 paid for premium 18 January, 1928, less $13 paid for premium 18 January, 1929, and less $13 paid for premium 18 January, 1930.

Judgment for plaintiffs; appeal by defendant.

*Woodus Kellum and Burney & McClelland for plaintiffs.*
*I. C. Wright for defendant.*

ADAMS, J. Perhaps because it raises the dominant question the appellant first interposes its exception to the following instruction: "If you believe all the evidence, both the record and oral testimony, and you find the facts to be true as testified to, and as the evidence indicates, and, as I say, find the facts to be true by the greater weight of the evidence, it would be your duty to answer the issue $1,386.56, with interest from 6 August, 1929, less $50 paid on 21 October, 1929, and less $13 premium due on the bond on 18 January, 1928, and $13 due the defendant for premium on 18 January, 1929, and $13 admitted to be due the defendant on 18 January, 1930. To repeat, gentlemen of the jury: If you believe all the testimony by the greater weight and find the facts to be as testified to by the greater weight of the evidence, it will be your duty to answer the issue $1,386.56, with interest from 6 August, 1929, less $50 paid by Shuffler 1 October, 1929, I am including the $10 the wife got, and less the $13 due defendant for premium 18 January, 1929, and the $13 due the defendant, 18 January, 1930."

This exception seems to rest upon the theory that the funds in controversy were paid into court and that the clerk of the Superior Court is liable on his bond for their nonproduction. Accordingly the defendant

offered in evidence an itemized statement of account kept by M. J. Shuffler, assistant clerk, with the Peoples Savings Bank and Trust Company showing a deposit of $1,386.56, the sum claimed to have been received for the benefit of the minors, and various disbursements to other parties. We are referred to the Code of 1931, sec. 934(a), authorizing the appointment of assistant clerks and providing that the several clerks shall be held responsible for the acts of their assistants; also to the doctrine that clerks may be chargeable in certain instances with funds held in a dual capacity. *Presson v. Boone,* 108 N. C., 79.

The error in the defendant's position is the assumption that the funds in question were paid into court, into the office of the clerk. For the reason that they had not been paid into court and were deemed to be in the hands of the guardian this Court held on the former appeal that the clerk was not a necessary party to the action. *Phipps v. Indemnity Co.,* 201 N. C., 561. On this point the decision is conclusive. It appears, furthermore, that pursuant to an order of Judge Devin—an exception to which is without merit—the administrator of Oscar LeRoy Bagwell paid the money of the wards, not into the clerk's office, but to Shuffler as their guardian. Indeed, Shuffler testified that he had received the funds in his capacity as guardian and had disbursed only $63 for the benefit of the wards. The fact that he mingled this trust fund with other funds which he deposited in the bank as assistant clerk, instead of proving payment into court, tends to establish a breach of trust. *Duffie v. Williams,* 148 N. C., 530; *Dunn v. Dunn,* 137 N. C., 533. We see no error in the instruction.

The second assignment is an exception to the court's exclusion of testimony by H. W. Wells that the guardian's bond as at first prepared did not contain the name of Florence Bagwell and that her name was subsequently inserted. Shuffler testified that the name was written in the bond by the authority of Wells, who as the defendant's agent had executed the bond in its behalf. It is alleged in the complaint that the administrator paid the funds to Shuffler as guardian of both minors and in the pleadings we find no denial of this allegation. This was on 6 August, 1929, and on 18 January, 1930, the defendant accepted payment of the last premium. By the terms of the bond the guardian and the surety were obligated in the sum of $2,600 to the faithful execution of the guardianship; to secure and improve the wards' estate; and to account to the wards "or to such other persons as shall be lawfully empowered or authorized to receive the same and the profits arising therefrom." If it be granted that the name of Florence Bagwell was not in the bond as originally drafted and that LeRoy F. Bagwell is entitled to only one-half the funds, this fact by the express provisions of the bond would

not exempt the guardian from the legal necessity of accounting for the remainder. So in no view of the case was the exclusion of the evidence prejudicial to the defendant.

The defendant offered to prove by cross-examination that the clerk had in his possession or had seen a holograph will of O. L. Bagwell. The witness testified that it had never been recorded as a will but was found in a record of accounts. The relevancy of the proposed testimony does not appear and the exception to its rejection is overruled.

An exception was taken to the admission of the clerk's testimony that he knew the amount due the wards, that is, the amount received by the guardian less two small payments. As to these items there seems to have been no substantial controversy. The witness identified a record in his office showing that the guardian had received $1,386.56 and then testified that LeRoy F. Bagwell had received fifty dollars and his wife ten. The guardian admitted these items and there was no proof to the contrary. We perceive no satisfactory reason for excluding the testimony of either of these witnesses. We must therefore overrule the fifth and sixth assignments of error, including also exceptions to the admission of evidence which do not call for special comment.

The defendant by issues tendered sought to inquire whether the guardian had deposited the wards' funds in his name as assistant clerk, whether any of the funds had been taken from the bank for the benefit of the clerk's office, and whether the clerk was interested in this case. These matters were irrelevant. The single issue submitted to the jury was sufficient in form and substance to present all phases of the controversy between the parties. *Bank v. Bank,* 197 N. C., 526, 532.

None of the exceptions set out in the appellant's brief affords sufficient cause for disturbing the judgment.