F. F. GUTHRIE v. D. O. MOORE ET AL.

(Filed 14 September, 1921.)

1. **Bills and Notes—Mortgages—Trusts—Maturity—Purchasers—Notice.**

A purchaser of a note secured by mortgage or deed in trust, after maturity takes subject to outstanding equities.

2. **Same—Public Sale—Injunction—Equity—Courts.**

The owner of land gave two mortgages or deeds of trust thereon, and afterwards sold the land to the plaintiff by deed to be held in escrow with notes secured by mortgage for the balance of the purchase price, and to be turned over to him when the prior mortgages should have been paid. The notes secured by the third mortgage were bought after maturity by one of the prior mortgagees, and sales under the powers thereof in all three of the mortgages are sought to be enjoined: *Held,* the purchaser of the third mortgage notes after maturity took with notice of plaintiff's equity; and as the question as to the distribution of the proceeds of the sale of the land affected them all, and a serious question has arisen, the injunction as to all was properly continued to the hearing to await the result of the suit. *Mosby v. Hodge,* 76 N. C., 387, cited and applied.

APPEAL by defendant from restraining order granted by *Allen, J.,* at chambers, Washington, N. C., 4 March, 1921, from BEAUFORT.

This is an appeal from an order restraining the defendants from selling certain lands under powers contained in two deeds of trust.

On 12 December, 1919, the defendant, Fenner B. Godley and wife, executed a deed of trust to E. A. Daniel, trustee for J. B. Patrick, upon a tract of land securing an indebtedness of $1,275, and on 5 December, 1919, the said Godley executed a deed of trust to H. C. Carter, trustee for D. O. Moore, securing an indebtedness of $1,950.

On 12 December, 1919, the defendant, Fenner B. Godley, and wife, executed to the plaintiff a deed for the consideration of the sum of

$10,000, $4,000 of which was to be paid in cash and the balance of $6,000 to be secured by deed of trust, and twelve notes of $500 each were executed to represent said $6,000 balance. When the parties closed the said deal, the plaintiff had only $2,700 in cash and executed a note due on 1 January, 1920 (about two weeks later), for the sum of $1,300, representing the balance of the cash payment. Said note of $1,300, together with four or five of the notes for $500 each, were deposited with J. D. Grimes in escrow, and were to be turned over to said Godley when the notes secured by the two deeds of trust to E. A. Daniel and H. G. Carter, above set out, were paid. This agreement was in writing. The said $1,300 note was not paid when it was due.

That during the fall of 1920 the defendant Moore purchased from the defendant Godley twelve of the notes of $500 each, and the note of $1,300, which said notes were secured by a deed of trust upon all of the property described in the two deeds of trust to Daniel and Carter, which deeds of trust provided that upon default in payment of any note or the interest on any note, that the whole debt should become due and payable.

On 18 December, 1920, H. C. Carter, trustee for D. O. Moore, advertised under the deed of trust to him the lands therein described, and on 11 January, 1921, E. A. Daniel advertised under the deed of trust from F. F. Guthrie, the plaintiff, to him; that at the time of the advertisements no part of either the principal or interest on any of the notes had been paid, and the whole, under the terms of the deed of trust, was then due. On 21 January, 1921, the plaintiff secured a restraining order, and said restraining order was continued to the hearing at the February Term, 1921, of the Superior Court of Beaufort County, and the defendants appealed.

*Ward & Grimes for plaintiff.*
*Daniel & Carter for defendants.*

ALLEN, J. It is admitted in the brief of the defendants that the notes purchased by the defendant Moore and secured by one of the deeds of trust under which the defendants proposed to sell the lands in controversy, were past due at the time of the purchase, and this being true, the defendant took the notes subject to and with notice of any equities and defenses existing in favor of the plaintiff against Godley, who sold the notes to the defendant Moore. (C. S., 446; *Capell v. Long,* 84 N. C., 17), and as against Godley, the plaintiff has the right to rely upon the agreement that the prior liens created by the deed of trust to secure the notes to Patrick and Moore should be paid off and discharged before all of the notes secured in the last deed of trust should be valid obligations against the plaintiff.

It is also well settled that powers of sale "are looked upon by the courts with extreme jealousy, because the mortgagor is thereby put entirely in the power of the mortgagee.

The exercise of the power is only allowed in plain cases when there is no complication and no controversy as to the amount due upon the mortgage debt, and the power is given merely to avoid the expense of foreclosing the mortgage by action; but that where there is such complication and controversy the Court will interfere and require the foreclosure to be made under the direction of the Court, after all the controverted matters have been adjusted and the balance due is fixed, so that the property may be brought to sale when purchasers will be assured of a title and not be deterred by the idea that they are 'buying a lawsuit.' " *Mosby v. Hodge,* 76 N. C., 388.

It follows therefore as there was a real dispute between the parties as to the amount for which the plaintiff was liable, that the restraining order was properly continued until the final hearing.

Affirmed.

NOTE. This opinion was written in accordance with the Court's decision and filed, by order of the Court, after *Justice Allen's* death.

14 September, 1921.                                        STACY, J.