B. C. HARE v. D. R. HARE, JOHN C. BADHAM, and W.. S. PRIVOTT, TRUSTEE.

(Filed 18 September, 1935.)

**1. Frauds, Statute of, B a—Agreement of vendor to remove prior lien upon payment of purchase money note held not required to be in writing.**

Plaintiff alleged that his vendor agreed to procure a release of the land from a prior deed of trust upon the payment by the plaintiff of a note given for the balance of the purchase price of the land, and secured by a deed of trust to his vendor. *Held:* The agreement is not one to sell or convey land, or any interest in or concerning same, and does not come within the provisions of the statute of frauds. C. S., 988.

**2. Evidence J a—Parol evidence held competent to show agreement that prior lien was to be removed upon payment of purchase money note for land.**

The deed conveying the land to plaintiff excepted a prior encumbrance from the covenant against encumbrances, but did not except such prior

encumbrance from the general warranty of title. Plaintiff executed a deed of trust to secure his note for the balance due on the purchase price. Plaintiff offered evidence of a parol agreement between him and his vendor that the vendor should remove the prior encumbrance upon the payment of the purchase money note by plaintiff. *Held:* The alleged parol agreement was not in conflict with the written instruments, but in accord with them, and parol evidence of the agreement was competent.

**3. Bills and Notes C a—When assignee does not obtain endorsement of note assigned until after it is past due, he is not a holder in due course.**

Where a note is assigned as collateral security for another note, and the assignee holds the collateral note without procuring the endorsement of the assignor until after the collateral note is past due, the assignee is not a holder in due course of the collateral note, and takes same subject to all equities existing in favor of the maker of the collateral note as against the payee who assigned same. C. S., 3030.

**4. Bills and Notes C d: Estoppel C a—Maker of note held not estopped to set up equities against holder not a holder in due course.**

Where the maker of a note for the balance of the purchase price of land alleges that the payee agreed that upon payment of the note, a prior encumbrance against the land should be removed, a person obtaining the note from the payee as collateral security, but who is not a holder in due course thereof, may not maintain that, as he took the note in good faith for value, and as the maker failed to have the parol agreement included in the writing, the maker should not be allowed to enforce the parol agreement as against him, since a holder who is, not a holder in due course should first ascertain if there are any equities existing against the note, and since the holder of equities against a note is under no duty to notify a purchaser thereof.

APPEAL by defendant John C. Badham from *Moore, Special Judge,* at May Special Term, 1934, of CHOWAN. Affirmed.

In this case, which was formerly before us and reported in 207 N. C., 849, the plaintiff B. C. Hare obtained judgment restraining the defendant John C. Badham from procuring the foreclosure of a deed of trust executed by the plaintiff to W. S. Privott, as trustee, to secure a note of $955.00 due by him to the defendant D. R. Hare, which note was delivered, but not endorsed, to the defendant John C. Badham by the defendant D. R. Hare as collateral security for a note due by said D. R. Hare to said Badham.

The plaintiff B. C. Hare alleged that there was a parol agreement between him and the defendant D. R. Hare, the payee in the note and *cestui que trust* in the deed of trust, that D. R. Hare was to procure a release of the land upon which said deed of trust was given from another and prior deed of trust, to the Southern Trust Company, when payment was made by B. C. Hare of said note, and that John C. Badham took said note subject to said agreement, and that said agreement has not

been effected, notwithstanding the plaintiff B. C. Hare is ready, able, and willing to pay said note when such release is procured.

The appealing defendant, John C. Badham, for the want of knowledge and information, denied the existence of any oral agreement between the plaintiff B. C. Hare and the defendant D. R. Hare as alleged in the complaint; and alleged that if such parol agreement did exist, it was void under the statute of frauds, since it was a contract concerning land, and that such a parol agreement would be inconsistent and in conflict with the written agreement between plaintiff and defendant D. R. Hare contained in the deed of trust and deed executed by them, respectively, and therefore unenforceable, and, further, that if said parol agreement did exist, the plaintiff was negligent in not having it included in the written agreement, and is therefore estopped to assert any rights thereunder against the appellant, who took the note and deed of trust in good faith and for a valuable consideration.

The jury returned the following verdict:

"1. Did the defendant D. R. Hare, at the time of accepting the deed of trust and note of $955.00 from B. C. Hare, promise and agree to cause the lands conveyed to B. C. Hare to be released from the deed of trust to the Southern Trust Company when said note of $955.00 was paid? Answer: 'Yes.'

"2. Did defendant John C. Badham take said note of $955.00 subject to the agreement aforesaid? Answer: 'Yes.'"

From judgment upon the verdict for the plaintiff the defendant John C. Badham appealed to the Supreme Court, assigning errors.

*R. C. Holland and Worth & Horner for plaintiff, appellee.*
*W. D. Pruden for defendant John C. Badham, appellant.*

Schenck, J. The exceptive assignments of error assail the admission of all of the evidence which tended to establish the parol agreement between the plaintiff B. C. Hare and the defendant D. R. Hare, to the effect that D. R. Hare would have the land conveyed by him to B. C. Hare released from a prior deed of trust when payment was made by B. C. Hare of the note now in the hands of John C. Badham as collateral security for a past-due note given to said Badham by D. R. Hare.

In one group of assignments of error the appellant takes two positions to assail the admission of such evidence. The first position is that such a parol agreement would have been void under the statute of frauds, C. S., 988. This position, we think, is untenable. "The general rule appears to be that an oral agreement by a grantor or grantee to remove existing encumbrances is valid and enforceable, and is not required by the statute of frauds to be in writing." 25 R. C. L., 556. While the

facts in *Stevens v. Turlington,* 186 N. C., 191, are not in all respects analogous, we think the reasoning therein, and in the cases there cited, is apposite to the case at bar. The parol agreement now under consideration was a contract between the grantor and the *cestui que trust* in a deed of trust (to all intents and purposes between mortgagor and mortgagee), and was made to terminate such relationship after it had been established between them, and is clearly distinguishable from a contract "to sell or convey any lands, . . . or any interest in or concerning them," required by C. S., 988, to be put in writing. *Faw v. Whittington,* 72 N. C., 321.

The second position taken by the appellant to assail the competency of the evidence tending to establish the parol agreement alleged in the complaint is that such an agreement would be inconsistent and in conflict with the written agreement between the parties as contained in the deed and deed of trust executed by them respectively. We think this position is also untenable for the reason that such inconsistency and conflict does not appear. The deed from D. R. Hare and wife to B. C. Hare contains the following: "And the said first parties, for themselves, their executors and administrators, to and with the said second party, his heirs and assigns, covenant: That they are seized of said premises in fee; have the right to convey the same in fee simple; that the same is free from any and all encumbrances, except a deed of trust to the Southern Trust Company given by the said Hare and wife; and that they will forever warrant and defend the title to the same against the lawful claims of all persons whomsoever." It will be noted that while the prior deed of trust to the Southern Trust Company is excepted in the covenant against encumbrances, such deed of trust is not excepted from the general warranty of title. So it appears that the alleged parol agreement, instead of being in conflict with, is in accord with the written agreement, the aforesaid deed.

The other group of assignments of error, which assail the court's holding that the appellant John C. Badham was bound by the parol agreement had between B. C. Hare and D. R. Hare, cannot be sustained, since Badham was not a holder of the note in due course. From all of the evidence it appears that the note of B. C. Hare to D. R. Hare which is held by John C. Badham as collateral was past due when this action was instituted, and that said note has never been endorsed by the transferrer (D. R. Hare) to the transferee (John C. Badham). Therefore, by virtue of C. S., 3030, the appellant was not a holder in due course, but held said note subject to all the equities that existed in favor of the original payor against the original payee.

The appellant contended, and requested the court to so hold, that since the failure to have the parol agreement included in the writing

was caused by the negligence of the plaintiff, he, the appellant, should not be made to suffer thereby. The answer to this contention is that when one takes a note otherwise than in due course he should first investigate and ascertain if there are any equities existing against the holder thereof. It has never been held to be the duty of those holding equities against a note to put purchasers of such note on notice of such equities. The fact that the appellant took the note in good faith and for a valuable consideration does not make him a purchaser in due course, or entitle him to the protection afforded such purchasers. When the appellant took and held the note without procuring the endorsement of the transferrer, he did so subject to all the equities existing in favor of B. C. Hare against D. R. Hare, the original payor and payee therein. C. S., 3030.

The judgment below is
Affirmed.