M. L. MANSFIELD, Executor of M. C. MANSFIELD, v. T. C. WADE, Administrator of E. H. GORHAM, Deceased; GILBERT L. ARTHUR, JR., and FLORRIE H. ARTHUR; W. S. HARRIS, Trustee; CECIL OGLESBY (C. L. OGLESBY), and LOTTIE P. OGLESBY; and W. C. GORHAM, Trustee.

(Filed 20 November, 1935.)

1. **Appeal and Error J e—**

. An exception to the admission of immaterial evidence will not be sustained when the admission of such evidence is not prejudicial and there is plenary competent evidence upon the issue.

2. **Evidence D b—Plaintiff, by introducing evidence relating to transaction with decedent, opened door to like evidence by defendant.**

Plaintiff brought suit on a note which had been executed to his testatrix by defendant's intestate, and on a note which had been endorsed to his testatrix by defendant's intestate as collateral security, which note was secured by deed of trust, and the makers of the collateral note were joined . as defendants. Plaintiff introduced in evidence the principal and collateral notes and deed of trust, and introduced testimony in regard to the

transaction, the loan of money by his testatrix and the hypothecation of the collateral note. *Held:* Plaintiff, by introducing the written and oral evidence in regard to the transaction, opened the door to the introduction of evidence by the makers of the collateral note to the effect that same had been paid when transferred to plaintiff's testatrix, that the deed of trust had been marked paid and satisfied by the trustee, and that testatrix's endorser had no right to transfer same. N. C. Code, 1795.

**3. Bills and Notes C e—Where holder acquires note after maturity he is not a holder in due course and takes note subject to equities.**

Where all the evidence is to the effect that the holder of a negotiable note obtained same by endorsement after maturity, the holder is not a holder in due course, N. C. Code, 3033, 3039, and takes same subject to equities, and the maker of the note may establish as against such holder that the note was paid before it was endorsed to and acquired by the holder.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Barnhill, J.,* and a jury, at June Term, 1935, of CARTERET. No error.

This is an action, brought by M. L. Mansfield, executor of M. (Mary) C. Mansfield, against the administrator of E. H. Gorham, deceased, to collect a note of $3,000 executed by said E. H. Gorham to M. C. Mansfield. Among the collateral pledged to pay the said note was a certain note for $2,750, executed by defendant Gilbert L. Arthur, Jr., and wife, Florrie H. Arthur, to the State Bond and Mortgage Corporation, of Wilson, N. C., secured by deed of trust on real estate, to W. S. Harris, trustee. The said note for $2,750, bearing endorsement from payee, State Bond and Mortgage Corporation, by W. S. Harris, Prest., to E. H. Gorham, and by E. H. Gorham to M. C. Mansfield, and found among the papers of M. C. Mansfield.

Gilbert L. Arthur, Jr., and wife, executed to Alexander Parker and W. C. Gorham, as trustees, under date of 10 September, 1928, a deed of trust on real estate, the same property as described in deed of trust by same grantors to W. S. Harris, trustee, securing the note to State Bond and Mortgage Corporation for $2,750, to Atlantic Life Insurance Company. Arthur alleges that proceeds of latter note were used to pay the note to State Bond and Mortgage Corporation, and that said note was wrongfully transferred to E. H. Gorham, instead of being marked "Paid," and the lien canceled of record—so as to make the deed of trust dated 10 September, 1928, a first lien on the property.

The plaintiff executor finds the note dated 6 March, 1928, among the papers of his testatrix, and exhibits note, with endorsements, and original deed of trust, without indication of payment.

W. S. Harris, trustee, and W. C. Gorham, trustee, are parties to this action. W. C. Gorham, as attorney, passed upon the title at time loan

was procured from Atlantic Life Insurance Company, under deed of trust of date 10 September, 1928, and was one of the trustees.

M. L. Mansfield, executor of M. C. Mansfield, testified: "Came into possession of Arthur note and deed of trust at M. (Mary) C. Mansfield's (my mother's) death; found it among her papers; don't know what year it came in her possession; note had been renewed two or three times; note endorsed in E. H. Gorham's handwriting; was collateral on first note and carried on other notes; should say it was in 1929 when first note taken; found it among mother's papers, not first knowledge of it, knew Gorham had put up this paper, knew it all along; found it in mother's papers in deposit box in Bank of Morehead City; was her own. . . . $3,000 was obtained from M. C. Mansfield by reason of this note, paid to E. H. Gorham; was a renewal note; he got the money in 1929; in original transaction same collateral indicated as in renewal note; $3,000 paid in consideration of this collateral; saw the deed of trust and note before the money was paid; came to courthouse to see if all right; looked at the book prior to time money was paid; next day mother made the loan, and this paper was hypothecated; there was nothing of the notation in Record Book 35, page 239, at that time. Inspected it the day before Mr. Gorham got the money; don't know whether in 1928 or 1929. If I said first knowledge of paper was when I found it in mother's papers in deposit box, I was wrong, because I handled her business and papers for her. I was present when paper was passed. Got same time Dewey Willis paper, second mortgage, as represented, so found it. Dewey Willis paper was not worth anything; accepted the second mortgage; transaction made in Gorham's office; mother with me, nobody else; it was six or seven years ago; think it was 1929; I know mother loaned him the money and what collateral was put up. Later on he put up Oglesby collateral and Bank of Morehead City stock; Oglesby and Arthur collateral not put up same time; Oglesby collateral only one any good, except what we are suing on now, Arthur's; Gorham was attorney for my mother."

Plaintiff's "Exhibit A": Deed of trust, dated 6 March, 1928, Record Book 35, page 289, executed by Gilbert L. Arthur, Jr., and wife, Florrie H. Arthur, parties of first part, W. S. Harris, trustee, party of second part, and State Bond and Mortgage Corporation, of Wilson, N. C., party of third part, conveys Lot 3, Block 201. Securing even dated note for $2,750, maturing 6 May, 1928, made by Gilbert L. Arthur, Jr., and Florrie H. Arthur, to State Bond and Mortgage Corporation, of Wilson, N. C.; endorsements on note: "Pay to order of E. H. Gorham, State Bond and Mortgage Corp., by W. S. Harris, Pres.; Pay to order of Mary C. Mansfield, E. H. Gorham."

The defendant Arthur alleges that the note was paid to State Bond and Mortgage Corporation in October, 1928, by E. H. Gorham, and that

E. H. Gorham so advised W. C. Gorham of this fact and told W. C. Gorham he was on his way to Beaufort to cancel the deed of trust at the courthouse, and that he, W. C. Gorham, on the following day went to Beaufort and inspected the record and saw the notation on the deed of trust: "Paid and satisfied—E. H. Gorham."

The evidence on the part of defendant Gilbert L. Arthur, Jr.: The Registry of Conveyance Book of Carteret County, which showed the following entry on deed of trust offered by plaintiff from Arthur to Harris, trustee—on margin in E. H. Gorham's handwriting is the following: "Paid and satisfied—E. H. Gorham."

The execution of the note and deed of trust to W. C. Harris, trustee for State Bond and Mortgage Corporation, of Wilson, N. C., was admitted by Arthur. He testified that through B. F. Hagood (Hagood Land and Realty Company) he negotiated a loan with the Atlantic Life Insurance Company, and offered in evidence check from Hagood to W. C. Gorham, attorney, and G. L. Arthur, Jr., dated 6 October, 1928—amount $2,478.40. He gave it to E. H. Gorham, his attorney. It was endorsed by W. C. Gorham and himself. That E. H. Gorham got the loan for him from State Bond and Mortgage Corporation, and was acting as his agent and with his authority. "I endorsed the check Hagood gave to me to said Gorham" and made him his agent to pay same off. E. H. Gorham told him that he had paid the note and deed of trust of the State Bond and Mortgage Corporation, and he did not know until after E. H. Gorham's death that Mrs. Mansfield held his note. R. C. McElroy, secretary and treasurer of State Bond and Mortgage Corporation, which held the note and deed of trust of Arthur, testified that the paper was paid in fall of 1928—October. The company received from E. H. Gorham the money for the paper. He said that E. H. Gorham, speaking in reference to the loan, stated that the loan was a short-term loan, and he expected to get for Arthur a long-term loan to pay it. W. S. Harris, who was president of State Bond and Mortgage Corporation, endorsed the note, but on it there were "no signs of payment." W. C. Gorham testified, in part: That he negotiated loan for Arthur (through Hagood Loan and Realty Company) with Atlantic Life Insurance Company, to take up State Bond and Mortgage Corporation loan, on 10-year basis instead of short-term loan. Took check to Arthur and went with him to E. H. Gorham's office, as he wanted note and deed of trust of State Bond and Mortgage Corporation. Arthur and he endorsed the check and gave it to E. H. Gorham, who went to Wilson and obtained same. Later, he saw the note and deed of trust of the State Bond and Mortgage Corporation. "He (E. H. Gorham) was unlocking his door when I came up the stairs; he had this paper in his inside coat pocket and he pulled it out and he said, 'I have here Arthur's

mortgage and note and I will take it to Beaufort and cancel it of record tomorrow.' I said, 'All right,' and 'Please give it to him after cancellation.'" W. C. Gorham went to Beaufort next morning and looked to see if it had been canceled, and found the notation on it, "Paid and satisfied—E. H. Gorham"—it was in October, 1928. Court: Q. "You say you delivered that check of Hagood's to E. H. Gorham; for what purpose did you deliver it to him?" Answer: "I delivered it to him for the purpose of going to Wilson to get the mortgage or deed of trust which was written to W. S. Harris, trustee, which was the mortgage which this check was given to take up; it was set up as being due against this property."

The issues submitted to the jury and their answers thereto were as follows:

"1. Had the note sued upon been paid and satisfied prior to the time it was delivered to the plaintiff's testatrix, as alleged? Answer: 'Yes.'

"2. Is the plaintiff the holder of the said note for value before maturity and without notice of any defect or infirmity, as alleged by the plaintiff? Answer: 'No.'

"3. What amount, if any, is the plaintiff entitled to recover on said note? Answer: ............"

The court below rendered judgment on the verdict. The plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*Julius F. Duncan for plaintiff.*

*Christian, Barton & Parker and C. R. Wheatly for defendant G. L. Arthur.*

CLARKSON, J. The plaintiff, as executor of M. C. Mansfield, brought this action against T. C. Wade, administrator of E. H. Gorham, to recover on a note for $3,000, made to his testatrix (now due on same $2,330.66, with interest from 7 July, 1934). Among the collateral notes to secure this $3,000 note was a certain note and deed of trust, executed by G. L. Arthur, Jr., and wife, to W. S. Harris, trustee, for State Bond and Mortgage Corporation, of Wilson, N. C., for $2,750, which was duly recorded in register of deeds' office for Carteret County, N. C.

The controversy was over the G. L. Arthur, Jr., note and deed of trust to W. S. Harris, trustee for State Bond and Mortgage Corporation. Arthur filed an answer raising the issue: "Had the note sued upon been paid and satisfied prior to the time it was delivered to the plaintiff's testatrix, as alleged?"

The plaintiff, in the questions presented, says: "May the court find a technically sound charge to the jury on such evidence, so admitted, over objections?"

The evidence introduced by defendant was for the purpose of showing payment—some of it was perhaps immaterial, and some was corroborative on the main issue of payment; but we do not think any of the evidence incompetent or prejudicial. All of it was objected to by plaintiff, but we do not think these exceptions and assignments of error can be sustained.

The plaintiff contends that it impinged N. C. Code, 1935 (Michie), sec. 1795, which is as follows: "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through, or under a deceased person or lunatic; by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic; except where the executor, administrator, survivor, committee, or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence concerning the same transaction or communication."

We do not think that plaintiff can call to his aid this section, if it were applicable under the facts and circumstances of this case. The plaintiff's testimony and "Exhibit A" "opens the door." Plaintiff, to show title in his testatrix, introduced in evidence: Deed of trust, dated 6 March, 1928, Record Book 35, page 289, executed by Gilbert L. Arthur, Jr., and wife, Florrie H. Arthur, parties of the first part, W. S. Harris, trustee, party of the second part, and State Bond and Mortgage Corporation, of Wilson, N. C., party of third part, conveys Lot 3, Block 201. Securing even dated note for $2,750, maturing 6 May, 1928, made by Gilbert L. Arthur, Jr., and Florrie H. Arthur, to State Bond and Mortgage Corporation, of Wilson, N. C.; endorsements on note: "Pay to order of E. H. Gorham, State Bond and Mortgage Corporation, by W. S. Harris, Pres.; Pay to order of Mary C. Mansfield—E. H. Gorham." Also, plaintiff's testimony "opens the door." Plaintiff's testatrix based her title to the note and deed of trust on the following endorsements: "Pay to order of Mary C. Mansfield, E. H. Gorham."

It was competent for Arthur to introduce the evidence which he did on the trial, to be submitted to the jury, on the issue of payment, to show that the note and deed of trust was paid and E. H. Gorham had no right to transfer it. The jury so found. The question of payment was the material controversy in this issue.

In *Herring v. Ipock,* 187 N. C., 459 (463), speaking to the subject, it is said: "That when a personal representative 'opens the door' by testifying to a transaction, etc., it is not in his province, but that of the court, to decide what testimony favorable to the adverse party may 'come in.' From a careful review of the authorities, we think that the plaintiff's contention is correct, and the court below made no error in permitting the testimony. *Cheatham v. Bobbitt,* 118 N. C., 343; *Sumner v. Candler,* 92 N. C., 635; *Hawkins v. Carpenter,* 85 N. C., 482; *Pope v. Pope,* 176 N. C., 287." *Walston v. Coppersmith,* 197 N. C., 407; *Lewis v. Mitchell,* 200 N. C., 652 (653).

As to the second issue: All of the evidence showed that plaintiff's testatrix acquired the note and deed in trust about October, 1928. The note matured 6 May, 1928. Having acquired the note after maturity, it was subject to equities—that of Arthur as to payment.

What constitutes Holder in Due Course—N. C. Code, 1935 (Michie), sec. 3033. Rights of Holder in Due Course—sec. 3038. When Subject to Principal Defenses—sec. 3039. Who Deemed Holder in Due Course —sec. 3040. *Whitman v. York,* 192 N. C., 87 (90); *Bank v. Atmore,* 200 N. C., 437; *Dyer v. Bray, ante,* 248 (249). Presumption as to Time of Endorsement—sec. 3026. *Ins. Co. v. Jones,* 191 N. C., 176 (180).

For the reasons given, in the judgment of the court below there is No error.

DEVIN, J., took no part in the consideration or decision of this case.