RUFUS J. PICKETT v. W. A. FULFORD AND WIFE, ROSA L. FULFORD; W. J. BROGDEN, TRUSTEE; W. S. LOCKHART, TRUSTEE; T. L. RUS-SELL; W. L. COPE AND WIFE, LOIS COPE; WILLIAM H. MURDOCK, TRUSTEE; C. B. SHERMAN AND W. K. RAND, LIQUIDATING TRUSTEES OF THE FIRST NATIONAL BANK OF DURHAM, AND THE BANK OF COOLEEMEE.

(Filed 27 January, 1937.)

1. **Bills and Notes § 9f—Purchaser not a holder in due course takes note free from agreement between maker and third person not a party to note in absence of notice at the time of assignment to purchaser.**

A purchaser of a note for value after maturity takes it subject to all equities and defenses which the maker might have against the original payee and all intermediate holders, since such purchaser has constructive notice of such antecedent equities, C. S., 446, 3039, but a purchaser for value after maturity takes the note free from an agreement by a third person to pay the note when such third person was never a purchaser or holder of the note and the purchaser has no knowledge of such agreement between the maker and the third person, and in an action on the note by such purchaser after maturity, where there is no evidence of knowledge of the alleged agreement between the maker and the third person, an instruc-tion that if the jury answered in the negative the issue as to whether such third prson was ever a holder or purchaser of the note, that would end the case and they would not consider the subsequent issue as to the alleged agreement with the third person, is without error, since in such circumstances the alleged agreement would not affect the rights of plain-tiff purchaser.

2. **Bills and Notes §§ 7, 28—Party having and offering in evidence note endorsed in blank by payee establishes prima facie ownership.**

Plaintiff's possession and offering in evidence the note sued on endorsed in blank by the payee establishes *prima facie* ownership, C. S., 2976, 3040, and in the absence of evidence in rebuttal, and where it appears that defendant makers contended that plaintiff acquired the note after ma-turity and was not a holder in due course, but admitted that plaintiff was a holder after maturity, defendants' objection to the recitation in the

judgment that it was admitted that plaintiff acquired the note, is without error, and judgment for the amount of the note and a decree that the deed of trust securing same should be foreclosed upon the jury's finding that defendants were not entitled to the equity asserted, is correct.

**3. Bills and Notes § 27—**

Where the charge states that defendant makers contended that plaintiff acquired the note sued on after maturity, defendants should aptly object and offer correction if they do not admit that plaintiff was a holder after maturity.

**4. Trial § 39—**

An exception to the refusal to submit issues tendered cannot be sustained when the issues submitted are identical with the issues tendered except for the addition of an issue determinative of the rights of the parties upon the evidence and theory of trial.

**5. Bills and Notes § 25—**

Evidence that taxes had not been paid on the land mortgage to secure the payment of the note sued on, and the financial credit of the makers *is held* competent in corroboration of plaintiff assignee's testimony *as to* what occurred at the time of the assignment.

**6. Appeal and Error § 39f—**

The admission of incompetent evidence is harmless where the facts thereby sought to be established are proven by other competent evidence.

APPEAL by defendants W. A. Fulford and Rosa L. Fulford from *Harris, J.,* at March Term, 1936, of DURHAM. No error.

This was an action to foreclose a deed of trust, executed 2 August, 1922, by appellants, conveying to W. J. Brogden, trustee, certain real property as security for a note or bond in the sum of $7,100, payable to one J. S. Perry, said note or bond being due twelve months after date.

Plaintiff alleged that on 29 September, 1926, he became the holder and owner of said note and deed of trust by purchase for full value from J. S. Perry, the payee, and that said note was on that date endorsed in blank and delivered to him by said Perry; that interest on the note was paid to 29 June, 1933, but nothing on principal.

Appellants in their answer admitted the execution of the note and deed of trust, and that the principal of the debt had not been paid; but they alleged that "if the plaintiff ever came into possession of said note, he did so after the maturity of same and with notice of the matters and things" set up in defense; that in September, 1926, J. S. Perry, the payee, demanded payment, and appellants made arrangements with R. H. Rigsbee, executor and trustee of the estate of A. M. Rigsbee, deceased, to take up and carry the note and deed of trust for them; that defendant Rosa L. Fulford was a daughter and devisee of said A. M. Rigsbee and entitled to one-sixth of the estate upon the termination of the trust in 1933; that R. H. Rigsbee agreed to take up and hold and

6—211

carry said Perry papers among the assets of said estate until the final settlement, and that R. H. Rigsbee, as executor and trustee, did, from the funds of said estate, purchase and hold the note and deed of trust sued on under agreement to postpone payment thereof until the termination of the said trust estate; that said estate has not yet been settled; and appellants allege in their answer that if plaintiff acquired said note and deed of trust, he took with knowledge of and subject to this agreement.

The following issues were submitted to the jury:

"(1) Did the defendants W. A. Fulford and wife, Rosa L. Fulford, execute the note dated 2 August, 1922, for $7,100, and the deed of trust securing the same, as alleged in the complaint?

"(2) Did R. H. Rigsbee, as executor and trustee of the estate of A. M. Rigsbee, purchase said note and deed of trust from J. S. Perry on or about the 29th day of September, 1936, as alleged in the answer?

"(3) Did R. H. Rigsbee and Mrs. Rosa L. Fulford have an understanding and agreement that said note would be held by the estate and paid at the time of the settlement of the estate of A. M. Rigsbee, as alleged in the answer?

"(4) Did Rufus J. Pickett acquire said note after 2 August, 1923?"

The court, among other things, charged the jury as follows:

"Now, gentlemen, I charge you that if a person receives a note, or purchases a note after its maturity, that means after it is due, he takes that note subject to any defenses and infirmities to which it was subject in the hands of the payee; that is, in this case it is admitted by Mr. Pickett that he bought this note after its maturity, then, if he did that, he bought it subject to any defenses and infirmities to which it was open in the hands of the payee, that means if he bought that after maturity and there was an agreement between R. H. Rigsbee, as executor and trustee, and Mrs. Fulford, then he bought it subject to that agreement if the estate owned the note or got it in its possession.

"But I charge you, before you can answer these issues and decide this case in favor of the contentions of the defendants, you must be first satisfied from this evidence that this note was purchased by the A. M. Rigsbee estate, and then, if you are satisfied that it was purchased by the A. M. Rigsbee estate, then, before the defendants can recover under their contentions, you have got to be satisfied that there was an agreement between Mr. R. H. Rigsbee, as executor and trustee, and Mrs. Fulford that he would purchase this note from the funds of the estate and hold it, as the defendants contend; that is, two things before she can recover, that there was an agreement and that the estate held this note. Even if you find or are satisfied from this evidence that there was an agreement between Mr. Rigsbee, as executor and trustee, that he would do this

for her as she says and yet he did not do it, he did not buy that note and make it the asset of the estate, then the defendants cannot recover, regardless of any agreement which they had, so I ask you to remember those two things."

To the second paragraph quoted above appellants noted exception.

Upon the second issue the court charged as follows:

"Now the burden of that issue is on the defendant, Mrs. W. A. Fulford. Before you can answer that issue 'Yes,' which would mean that you are finding from the evidence that R. H. Rigsbee did purchase the note as executor and trustee, the defendants must satisfy you from the evidence and by its greater weight that Mr. Rigsbee did purchase that note as executor and trustee of the estate, and if you are so satisfied, gentlemen, you will answer that issue 'Yes'; if you are not so satisfied, you will answer it 'No.'

"If you answer that issue 'No,' you need not consider the other issues, because that will end the case, because if he did not purchase it the defendants cannot recover under their contentions, but if you answer it 'Yes,' you will come to a consideration of the third issue, which is as follows."

The appellants noted exception to the last quoted paragraph.

The jury for their verdict answered the first issue "Yes" and the second issue "No."

The judgment, after setting out the verdict, recited: "And it further appearing to the court that it was admitted by counsel for W. A. Fulford and Rosa L. Fulford and counsel for plaintiff that plaintiff acquired said note and deed of trust after 2 August, 1923," and adjudged the amount of the debt to be $7,100, with interest from 29 June, 1933. Foreclosure sale of the land described in the deed of trust was decreed, together with payment of taxes and street assessments.

Defendants W. A. Fulford and Rosa L. Fulford appealed.

*Hedrick & Hall for plaintiff.*
*Bryant & Jones and Egbert L. Haywood for defendants.*

DEVIN, J. The principal question presented by the appeal is the correctness of the ruling of the court below that the note and deed of trust in the hands of the plaintiff, though acquired after maturity, were not subject to equities and defenses in favor of the makers by reason of an alleged agreement between them and R. H. Rigsbee, unless R. H. Rigsbee had purchased or become the holder of the note and deed of trust.

The controverted issue around which the trial below revolved was whether R. H. Rigsbee, pursuant to an agreement with the appellants, purchased the note and deed of trust with funds of the estate of which he

was executor and trustee, and became the holder of the note and deed of trust, and plaintiff had taken as transferee or assignee from him, or whether the plaintiff Pickett purchased and took the papers by assignment and delivery direct from the payee of the note, J. S. Perry.

Upon this issue, the decision by the triers of the facts was in favor of the plaintiff.

This determination of the litigated question by the jury was based upon sufficient competent evidence and followed a correct charge by the presiding judge. We see no valid ground upon which the result can be disturbed.

It is well settled that the assignment of a negotiable note after maturity subjects the holder to all equities and defenses which the maker might have had against the original payee and all intermediate holders at the time of the assignment, the assignee standing in the place of his assignor and taking with constructive notice of antecedent equities. C. S., 446; C. S., 3039; *Haywood v. McNair,* 14 N. C., 231; *Harris v. Burwell,* 65 N. C., 584; *Hill v. Shields,* 81 N. C., 250; *Capell v. Long,* 84 N. C., 17; *Bresee v. Crumpton,* 121 N. C., 122; *Bank v. Loughran,* 126 N. C., 814; *Thompson v. Osborne,* 152 N. C., 408; *Guthrie v. Moore,* 182 N. C., 24; *Whitman v. York,* 192 N. C., 87; *Barnes v. Crawford,* 201 N. C., 434; *Mansfield v. Wade,* 208 N. C., 790; *Hood, Comr., v. Tilley,* 209 N. C., 842; *Stegal v. Bank,* 163 Va., 417.

But this rule does not subject the assignee to an asserted equity or defense arising out of an agreement between the maker and a third person who did not become a purchaser or holder of the note and of which the assignee had no notice at the time of the assignment. 8 C. J., 741; Daniel on Negotiable Instruments (6th Ed.), sec. 726 (b).

The verdict of the jury has established the fact that R. H. Rigsbee did not purchase or become the holder of the note, and the evidence of the defendants as well as that of plaintiff negatives the suggestion of notice to plaintiff for Perry of the alleged agreement with Rigsbee at the time of the assignment of the note. *Hare v. Hare,* 208 N. C., 442. As to that, no issue was tendered and there was no evidence to support it. *Potts v. Insurance Co.,* 206 N. C., 257. The uncontradicted evidence shows unmistakably that plaintiff paid full value, $7,100, for the note, on 29 September, 1926.

The contention of appellants that the court erred in reciting in the judgment that it was admitted plaintiff acquired the note and deed of trust after 2 August, 1923, is without merit. In appellants' brief it was stated: "Defendants admitted that plaintiff was holder but denied he was holder in due course;" and further, "the uncontradicted evidence in this case is that the defendant (plaintiff) acquired the note in suit years after its maturity date, 2 August, 1923. His counsel admitted

this during the course of the trial, and this admission is carried forward into the judgment so that the record might not be ambiguous on this point."

Unquestionably plaintiff was not a "holder in due course," but was a holder. He came into court with the note and deed of trust endorsed in blank by the payee, J. S. Perry, and offered the papers in evidence. This imported that he was the lawful owner. C. S., 2976; C. S., 3040; 3 R. C. L., sec. 190. By presenting the paper he made out a *prima facie* case. As was held in *Trust Co. v. Bank,* 167 N. C., 260, "the production of the notes by the plaintiff was *prima facie* evidence of ownership." Here there was nothing to rebut the *prima facie* case. The date of the transfer was not in controversy. *Bank v. Drug Co.,* 152 N. C., 142.

In the charge of the court it was stated, without objection or offer of correction, that it was one of the contentions of the defendants that the plaintiff acquired the note after its maturity. *LaRoque v. Kennedy,* 156 N. C., 360; *Hardy v. Mitchell,* 161 N. C., 351; *Randolph v. Lewis,* 196 N. C., 51.

The case was tried below under the view of the presiding judge that the answer of the jury to the second issue was determinative, and he instructed them, if they answered the second issue "No," that would end the case. For, if R. H. Rigsbee acquired or held the note, his agreement (if he made the agreement alleged by appellants) would be binding on the plaintiff, the subsequent transferee. If Rigsbee did not acquire the note and never became the holder, such an agreement, even if established, would not, under the circumstances disclosed by the evidence in this case, constitute a defense against the plaintiff Pickett, the assignee of Perry, the payee.

The appellants excepted to the failure of the court to submit the issues tendered by them, but these omitted the determinative question embraced in the second issue, and were in other respects identical with those adopted by the court. No others were tendered.

Appellants assign error in the rulings of the court on the evidence, but these exceptions cannot be sustained. It was competent to show that the taxes on the land were, for several years, unpaid, and also the financial credit of appellants, in corroboration of plaintiff's testimony as to what occurred at the time of the assignment of the note. While it is true the admission of the copy of a letter from the president of the bank to the trustee, W. J. Brogden, would not be competent against the other defendants, the facts set out in the letter were in evidence otherwise, and appellants suffered no harm thereby.

We have examined all the exceptions noted and brought forward in the brief, and conclude that none of them are of sufficient moment to warrant us in disturbing the result.