MARTHA DULIN, BY HER NEXT FRIEND, R. W. DULIN, v. HENDERSON-GILMER COMPANY.

(Filed 1 December, 1926.)

### 1. Negligence—Damages—Evidence—Expert Opinions—Instructions.

In an action to recover damages for injury to plaintiff's teeth, alleged to have been caused by the negligence of the defendant, it is competent for a dentist who had personally examined her after the injury complained of, and who was attending her in his professional capacity, and who had qualified as an expert witness in such matters, to testify as to the present and future effect the injury would have upon the plaintiff at her age, the change in her facial expression made thereby, etc., such falling within the experience of his profession, the damages recoverable being prospective as well as present.

2. **Negligence—Instructions — Rule of the Prudent Man — Appeal and Error.**

   Where the rule of the prudent man is applicable under the allegations and evidence in a personal injury case, the failure to fully charge upon this phase of the controversy is not reversible error when the judge has generally charged it elsewhere in his instructions, and when thus considered, the jury could not have been misled.

3. **Instructions—Interpretation — Instructions Construed as a Whole— Appeal and Error.**

   Where the trial judge illustrates his meaning in an·instruction to the jury with a hypothetical state of facts, it will not be held for error if he so informs the jury at the time, and tells them there was no evidence thereof, and men of intelligence would not have been misled thereby.

4. **Instructions—Requests for Instructions—Damages—Appeal and Error.**

   An instruction of the court upon the measure of damages, received from a personal injury, will not be held for error when it is correct upon the general principles applicable in the absence of a request for special instructions, making them more specific.

APPEAL by defendant from *Harding, J.,* at February Term, 1926, of MECKLENBURG. No error.

*Whitlock, Dockery & Shaw for plaintiff.*
*John M. Robinson for defendant.*

ADAMS, J. This is an action to recover damages for personal injury alleged to have been caused by the negligence of the defendant's employee in the operation of a motor truck. The plaintiff was in an Essex coach owned by J. L. Delaney and driven by his daughter Martha. On the morning of 26 November, 1924, between 8 and 9 o'clock the two girls, each about fourteen years of age, were on their way to school. The plaintiff was on the front seat with Martha Delaney, but did not control or direct the driving. They were going south on the right side of Cecil Street. As they approached the point of its intersection with Fifth Street, they did not see the defendant's truck; but a moment later the truck came out of Fifth Street into Cecil Street and turned to the south. The truck and the car were then going in the same direction. The alleged collision was described by the driver of the car: "I put on brakes at first, and I saw that the car (truck) was going to hit me, and I started to speed up a little. I do not know exactly what speed the truck was going. It was going faster than I was. I pulled over to the right in order to keep him from hitting me. I was on the right as it was, and after I moved over I struck the curbing, and just as I hit the curbing he hit me. He was on the right-hand side. . . . The

truck struck the front left fender of my car. My car hit the curbing after it was struck, and then hit a telephone pole and turned over." There was evidence that the car approached the intersection of the street at eight miles an hour and that proper signals were given; also that the driver of the truck could have seen the car, and that he gave no signal of his approach.

The plaintiff testified as to the nature and extent of her injuries: she was thrown against the windshield; three of her teeth were knocked into the roof of her mouth; her lip was cut through; her head, her ankle, and her knee were injured; and her arm was cut with glass. Other evidence was introduced by the plaintiff; the defendant offered none. The issues as to negligence and damages were answered in favor of the plaintiff, and from the judgment rendered the defendant appealed, assigning error in the conduct of the trial.

Dr. Hull, an expert in dentistry, was called to see the plaintiff on the day she was injured. In his testimony he described the condition of the plaintiff's mouth and teeth and the method of his treatment. He said that perhaps six weeks afterwards, by means of gold crowns, he put in her mouth a temporary bridge which was likely to break almost any time, and that permanent work could not be done until her teeth had fully developed. He was then permitted to testify that gold crowns usually produce pyorrhœa, that the loss of her teeth had already affected and would continue to affect her facial expression, and that treatment of her teeth after she shall have reached maturity will be necessary. The defendant excepted. The evidence, we think, was not incompetent, as the defendant contends, for the reason that it was aesthetic or problematical. The witness testified as an expert, giving his opinion as to the usual and ultimate effect or consequence of such injuries as the plaintiff received. *Alley v. Pipe Co.,* 159 N. C., 327. His opinion was formed after he had made an examination of the plaintiff's teeth, and it was not necessary that all his answers should be based upon a hypothetical statement of facts. *In re Peterson,* 136 N. C., 13. That the plaintiff was entitled to damages for prospective as well as for past and present injuries is not denied.

Upon the first issue the jurors were instructed that the burden was on the plaintiff to satisfy them by the greater weight of the evidence that the defendant was negligent, that is, that the defendant did something it ought not to have done or left undone something it should have done, which doing or leaving undone brought about the plaintiff's injury. The defendant's criticism of this instruction is the omission of any reference to the rule of the prudent man. There are many decisions to the effect that the substance of the rule should be embodied in an

instruction dealing with the question of negligence. If it be granted that the instruction complained of is not as explicit as it should have been, the omission is supplied in a subsequent part of the charge, in which the jury was told that the law required the defendant to exercise due care in the operation of the truck, due care meaning "that care which an ordinarily prudent person surrounded and situated as he was there at that time would have exercised." It is now regarded as elementary that the judge's instructions to the jury must be considered as a whole. *Harris v. Harris,* 178 N. C., 7; *Bradley v. Mfg. Co.,* 177 N. C., 153.

In stating the principle that the negligence of the driver of the car would not be imputed to the plaintiff, who was a guest, his Honor remarked that the operation of a car by a person under the age of sixteen years is prohibited, and that the defendant's driver committed a breach of the statute if he ran the truck into the intersecting streets at a speed in excess of fifteen miles an hour. The defendant excepted to the latter part of the instruction on the ground that there was no evidence to support it, and it relies upon a number of cases to sustain its position. This remark was made by the judge in his explanation of the terms of the statutes regulating the use of motor vehicles. We do not see how the jurors could have been misled, for they were immediately told that there was no evidence that the defendant's driver had exceeded the speed limit. We must assume, as said in *Harris v. Harris, supra,* that the jury was composed of men of understanding and intelligence, and that they comprehended the instruction given.

Exception was noted to the instruction given for estimating damages. It is said that the law was not sufficiently explained; and while the statement of the rule was not as full as it might have been, the general principle was given: on the basis of a cash settlement the jury was to award a reasonable compensation for the injuries inflicted. The extent of the injuries, it is true, was stated only as contentions, but the finding of the facts was left to the jury; and in the absence of a prayer for more definite instructions as a guide for the jury, the general rule having been given, the exception in our opinion is not sufficient for awarding a new trial. *Murphy v. Lumber Co.,* 186 N. C., 746; *Ledford v. Lumber Co.,* 183 N. C., 614; *Hill v. R. R.,* 180 N. C., 490, and cases cited. The remaining exceptions also are untenable. We find

No error.