ROSA WINBORNE, H. H. PHILIPS, NEXT FRIEND OF LEMUEL FENTRESS, ARMENTRIA FENTRESS, MELVIN FENTRESS, MELVINA FENTRESS, LLOYD FENTRESS, AND ERSOLINE FENTRESS, MINORS, AND H. H. PHILIPS, ADMINISTRATOR OF THE ESTATE OF ANNIE DANCY MEEKS, DECEASED, v. FRANK H. LLOYD AND EDGECOMBE HOMESTEAD AND LOAN ASSOCIATION.

(Filed 26 February, 1936.)

1. **Evidence K b—Testimony of expert as to mental capacity of person in question at time of execution of instruments held competent.**

   A medical expert testified to the effect that he had attended the person in question for a period of twelve years, that he had last observed her twelve days before her execution of the instruments attacked by plaintiff, that at the time he last observed her she was mentally irresponsible from senile dementia, which condition would not improve, but would get worse with time. *Held:* An exception to his testimony as to the mental incapacity of the person in question at the time of her execution of the instruments, on the ground that the witness had not observed such person sufficiently near the time of the execution of the instruments, cannot be sustained.

2. **Appeal and Error F a—Assignment of error to court's remarks must be supported by exception appearing of record.**

   An assignment of error to the remarks of the court to the jury must be supported by an exception appearing of record, and may not be presented by an exceptive assignment of error appearing for the first time in appellant's brief, although an exception to the remarks need not be entered in the record until after verdict.

3. **Appeal and Error J e—**

   Where it appears from the facts and attendant circumstances appearing of record that the court's remarks to the jury during trial could not have prejudiced appellant, such remarks cannot be held for reversible error.

4. **Appeal and Error J g—**

   Where the answer of the jury to one of the issues determines the rights of the parties, assignments of error relating to another issue need not be considered on appeal.

5. **Wills D k—**

   The finding by the jury that an alleged testator did not have sufficient mental capacity to execute a will is sufficient to support judgment for caveator, irrespective of the issue of fraud or undue influence.

6. **Trial E g—**

   Where the charge is correct when read contextually as a whole, an exception thereto on the ground that it was biased will not be sustained, certainly in the absence of a request by appellant that other or further contentions or instructions be given.

**7. Appeal and Error J e—**

An exception to the exclusion of testimony cannot be sustained when the record fails to show what the testimony of the witness would have been had he been allowed to testify.

**8. Wills D h—Letters offered in evidence by caveator held competent as links in chain of circumstances tending to show fraud.**

In this action to set aside a purported will and certain other instruments executed in favor of propounder, caveator offered in evidence certain letters written by the attorney who had drawn up the papers, and who had testified for propounder, which letters were written a few days after the execution of the instruments, and stated that testatrix had engaged the writer to settle her business affairs, and that he desired to cash for her certain certificates of stock. One of the instruments attacked assigned the certificates of stock to propounder. *Held:* The letters were competent *as* links in a chain of circumstances tending *to* show fraud and undue influence in the procurement of the execution of the instruments and as tending to contradict certain phases of the attorney's testimony for propounder.

**9. Evidence I b—Where parts of letters are admitted in evidence, adverse party may not introduce other parts unless they are competent or tend to explain parts admitted.**

Where a party introduces in evidence parts of certain letters, it is competent for the adverse party to introduce the other parts of the letters in evidence. when such other parts tend *to* explain *the* parts introduced, but this rule does not extend to allow such adverse party to introduce in evidence an *ex parte* statement enclosed in the letters, which statement does not tend to explain the portion of the letters introduced.

THIS is a civil action in the nature of a caveat, tried at the October Term, 1935, of EDGECOMBE, before *Cranmer, J.,* and a jury. No error.

The plaintiffs sought to have set aside and declared null and void the following paper writings, to wit: (a) The purported last will and testament of Annie Dancy Meeks; (b) the transfer, assignment, and delivery of certain paid-up stock in the Edgecombe Homestead and Loan Association; (c) a deed from Annie Dancy Meeks to Frank H. Lloyd, recorded in the Edgecombe registry, in Book 324, at page 514; and (d) the transfer and assignment of certain moneys on deposit in the defunct North Carolina Bank and Trust Company.

The defendant Frank H. Lloyd was the beneficiary under said purported will, and was also the beneficiary or grantee of the transfer of the homestead and loan stock, the deed for lands situate in Edgecombe County, and the assignment of moneys on deposit in the defunct bank and trust company.

Annie Dancy Meeks died in Washington, D. C., on 19 January, 1934. The purported will in controversy was signed on 10 November, 1933, and the other paper writings in controversy were signed on 11 November, 1933.

The plaintiffs alleged that said will and each and all of the other paper writings referred to were invalid, null and void, for that the said Annie Dancy Meeks, at the time of the signing of said instruments, did not have sufficient mental capacity to execute the same, and for that the signing of the same was procured by fraud or undue influence on the part of the defendant Frank H. Lloyd.

The defendant Frank H. Lloyd, on the other hand, avers that said paper writings were executed by the said Annie Dancy Meeks when she was possessed of full testamentary capacity, and of full understanding; and the defendant Lloyd further averred that no fraud or undue influence was brought to bear upon the said Annie Dancy Meeks by him or anyone else to procure her execution of said instruments, or either of them.

The Edgecombe Homestead and Loan Association admitted that at the time of her death Annie Dancy Meeks was the owner of 21 paid-up shares of its stock of the par value of $100.00 each, and that it was indebted on account of said shares in the sum of $2,100, together with dividends, to either the distributees, legatees, assignees, or administrator of said Annie Dancy Meeks, and offered to pay such amount to such person or persons as may be declared by the court entitled to receive the same.

The issues submitted and answers made thereto were as follows:

"1. Did Annie Dancy Meeks, at the time of the execution of the paper writing purporting to be her will, to wit, 10 November, 1933; and at the time of the execution of the paper writing purporting to be a deed for a lot in Tarboro, dated 11 November, 1933, and at the time of executing the paper writing purporting to be an assignment of stock in the Edgecombe Homestead and Loan Association, and the paper writing purporting to be an assignment of bank deposit, each dated 11 November, 1933, have sufficient mental capacity to execute the same? Answer: 'No.'

"2. Was the execution of the said paper writings procured by the fraud and undue influence of Frank H. Lloyd? Answer: 'Yes.'"

From judgment for the plaintiffs, based upon the verdict, the defendant Frank H. Lloyd appealed to the Supreme Court, assigning errors.

*H. H. Philips for plaintiffs, appellees.*

*T. O. Moses, G. H. Leggett, and Geo. M. Fountain & Son for defendants, appellants.*

SCHENCK, J. We will take up the exceptions as grouped by the appellant in his assignments of error.

WINBORNE *v.* LLOYD.

First assignment of error: Exceptions 1, 2, 3, 4, 5, 6, and 7. These exceptions, according to the brief of the appellant, raise two questions: "(A) The competency of questions and answers, and (B) the competency of the trial judge's remarks."

The questions objected to were propounded by the plaintiffs to their witness, Dr. J. G. Raby. Each of the questions was framed as follows: "In your opinion, did Annie Dancy Meeks, on 10 November, 1933, have sufficient mental capacity, . . . either to make a will or to execute a deed, or to execute an assignment of personalty?" to which the witness answered in each instance "No." Counsel for appellant stated that the basis of his objection was that the witness had stated that the last time he saw Annie Dancy Meeks was on 29 October, 1933, and the date fixed by the question was 10 November, 1933. This objection is untenable. The witness, an admitted medical expert, testified that he had treated Annie Dancy Meeks off and on for 12 years, and in his opinion she was suffering from senile dementia, an incurable condition due to old age, which grows progressively worse until death, and that by reason of this condition she had become "mentally incapacitated, feeble, and crazy," on 29 October, 1933, and that this condition continued up till 10 November, 1933, and until her death, and further, in his opinion, on 10 November, 1933, she did not have sufficient mental capacity to make a will. The witness further said: "I would say that a person couldn't recover from senile dementia unless they could get this nature reversed and get younger; it is due to old age. No, sir; they don't recover from senile dementia." We think that the expert knowledge of the physician as to the cause, symptoms, and effect of senile dementia and the opportunity he had of observing Annie Dancy Meeks for 12 years prior to and up to within 12 days of the date in question, namely, 10 November, 1933, rendered him a competent witness to express an opinion upon her mental condition at that time, the date the documents in question were signed.

"The competency of the trial judge's remarks" is first raised in the brief of the appellant. No exception is noted to these remarks in the record proper, and in the first assignment of error, under which the appellant discusses such remarks, there is no mention made of them. It is said in *S. v. Bryant,* 189 N. C., 112 (115): "The fact that exception was not entered at the time the remark (of the judge) was uttered is immaterial. The statute is mandatory, and all expressions of opinion by the judge during the trial, in like manner with the admission of evidence made incompetent by statute, may be excepted to after the verdict." But this does not mean the appellant can make the remarks of the judge the basis of exceptive assignment of error for the first time in his brief, as has been attempted in this case. Exceptions must appear in

the record, some as having been noted during the course of the trial and some, as in the case of an exception to the charge, as having been noted after verdict, but all must appear in the record and be preserved in the assignments of error. *Yellowday v. Perkinson,* 167 N. C., 144; *Rawls v. R. R.,* 172 N. C., 211; *Pleasants v. R. R.,* 95 N. C., 195; *Lytle v. Lytle,* 94 N. C., 522.

The portion of the record containing the remarks of the judge of which the appellant complains in his brief is as follows:

"By defendant's counsel: I will state the basis of the objections. He stated the last time he saw her was on 29 October, 1933.

"By the court: The doctor is an admitted medical expert, and he testified at that time she was suffering from senile dementia, and was crazy practically, and he was medical man enough to know whether that condition would change." While, as aforesaid, there is no objection in the record to the remarks of the judge, we are of the opinion that the remarks, even if exception had been properly noted thereto, "should not be held for reversible error because, from the facts and attendant circumstances disclosed in the record, it appears that they . . . could have reasonably had no appreciable effect on the result." *S. v. Jones,* 181 N. C., 546.

Second assignment of error: Exception 8. This exception is abandoned in the appellant's brief.

Third and eighth assignments of error: Exceptions 9, 19, 20, 21, 22, 23, 24, and 25. These exceptions, according to appellant's brief, present for the Court's consideration two "interlocking questions," namely, "(A) Was there sufficient evidence . . . of undue influence, sufficient for that issue to go to the jury? (B) Was not his Honor's charge couched in language so extreme and severe ·. . . as to irremediably injure the defendants before the jury on all of the issues?"

While the evidence of fraud and undue influence was largely if not entirely circumstantial, we are inclined to the opinion that it justified the submission of the second issue, but however this may be, the finding of the jury on the first issue that Annie Dancy Meeks did not have sufficient mental capacity to execute the will, and other documents, renders unnecessary any discussion of the assignments of error on the second issue, as it is well settled that the finding by the jury that an alleged testator did not have sufficient mental capacity to execute a will is sufficient to support a judgment for the caveator, irrespective of the issue of fraud or undue influence. *In re Rawlings' Will,* 170 N. C., 58.

We have examined the charge and cannot agree that it is so biased as to be prejudicial to the appealing defendant. When read contextually and as a whole it is a correct statement of the evidence and a clear

declaration of the law arising thereon. The appellant did not request that any other or further contentions or instructions be given.

Fourth assignment of error: Exceptions 10 and 11. These exceptions are abandoned in the brief of appellant.

Fifth assignment of error: Exception 12. Appellant sought to elicit from the witness J. A. Norris, an attorney of Washington City, testimony relative to certain legal requirements in the probate of wills in the District of Columbia, and excepted to the court's sustaining an objection to the question propounded to the witness. The exception is untenable, since it does not appear from the record what the answer of the witness would have been to the question to which objection was sustained. *Newbern v. Hinton,* 190 N. C., 108, and cases there cited. However, the information which the unanswered questions seem to indicate the defendant sought from the witness was subsequently given by the witness in his further examination.

Sixth and seventh assignments of error: Exceptions 13, 14, 15, 17, and 18. These exceptions present the inquiry (1) as to whether certain letters written by J. A. Norris to the Edgecombe Homestead and Loan Association and introduced by the plaintiffs were competent evidence, and, (2) if so, was it not competent for the appellant to have introduced in evidence copy of report of Dr. Whitby, psychiatrist, of his examination of Annie Dancy Meeks, which was enclosed in said letters?

These letters tended to show that the will was executed one day (10 November, 1933), and the deed for land and transfer of stock and deposit the following day, and that J. A. Norris, the attorney who drew all of the papers and who had been called as a witness for the appellant, wrote, on 13 November, 1933, two or three days later, that he had been engaged by Annie Dancy Meeks to settle her business affairs, and that delivery of the stock certificates had been made to him, and that his client desired to cash them, and were competent as links in a chain of circumstances tending to show fraud and undue influence in the procurement of the signing of the paper writings involved, and to contradict certain phases of the testimony of Norris.

The purported report of the psychiatrist, which appellant contends should have been admitted in evidence when offered by him, was enclosed, along with other documents, in one of the letters. While ordinarily when one portion of a letter, document, or conversation is introduced in evidence the opposing side may introduce any other portion thereof which is explanatory of the portion theretofore introduced, it does not follow that such letters, documents, or conversations in their entirety become competent simply because written or had at the same time, the remaining portions thereof must throw light upon or explain that portion which has been already introduced—*a fortiori,* an *ex parte* statement enclosed in a letter, and otherwise incompetent, would not become

competent unless it explained the letter in which it was enclosed. 10 R. C. L., pars. 101, 102, pp. 935-6. The purported report of the psychiatrist in no way explained the letter of Norris to the Homestead and Loan Association.

The evidence in this case was in sharp conflict. It was admitted under proper rulings by the court and submitted to the jury under a fair and impartial charge. The issues were answered in favor of the plaintiffs. The judgment must be affirmed.

No error.