TIDE WATER POWER COMPANY v. W. D. CROSS AND DAISY E. CROSS, TRADING AS BLADEN ICE COMPANY.

(Filed 16 December, 1936.)

APPEAL by defendants from *Williams, J.,* at June Special Term, 1936, of BLADEN. No error.

Action for balance due on note for $1,557, executed 22 December, 1931, by defendants for electric service theretofore furnished by plaintiff.

Defendants in their answer admitted the execution of the note, but, as set-off and counterclaim, alleged negligent operation of plaintiff's power lines, causing damage to defendants' motors and to defendants' business prior to 22 December, 1931, and alleged negligent operation of said power lines in 1932 and 1933, causing further damage.

The jury answered the issues submitted to them as follows:

"1. Did the defendants execute and deliver to the plaintiff the note set forth in the complaint? Answer: 'Yes.'

"2. If so, what amount is due to the plaintiff by the defendants thereon? Answer: '$1,557, less payment 13 August, 1932, of $250.00, and payment of $250.00 on 21 September, 1932.'

"3. Were all matters and claims in controversy between plaintiff and defendants, on 22 December, 1931, settled and compromised by execution of the note described in the complaint? Answer: 'Yes.'

"4. Was the defendants' property injured by the negligence of the plaintiff prior to 22 December, 1931, as alleged in defendants' further answer and counterclaim? Answer: ...........

"6. Was defendants' business injured by the negligence of plaintiff as a result of interruption of electric power in 1932 and 1933? Answer: 'No.'

"7. What damages, if any, are defendants entitled to recover for such injury in 1932 and 1933? Answer: 'None.'

"8. Did the defendants waive all claims which they had against plaintiff by payments to plaintiff on the said note in 1932? Answer: 'No.'"

From judgment on the verdict defendants appealed.

*Louis J. Poisson and H. H. Clark for plaintiff, appellee.*
*Oliver Carter and Butler & Butler for defendants, appellants.*

PER CURIAM. The jury having answered the determinative issues against the defendants, and there being competent evidence to support the verdict, the defendants' claim for damages as set-off and counterclaim against the note sued on cannot avail.

Appellants excepted to the ruling of the court on the evidence in sustaining objections to numerous questions relating to the third and sixth issues, but in some instances the record does not show what the witnesses would have answered in reply, and hence these assignments of error cannot be considered (*Winborne v. Lloyd,* 209 N. C., 483; *Newbern v. Hinton,* 190 N. C., 108); in other instances similar testimony was admitted without objection (*Light Co. v. Rogers,* 207 N. C., 751; *Colvard v. Light Co.,* 204 N. C., 97).

We find no reversible error in the rulings of the court on the testimony. The case resolved itself into a controversy as to the facts, and the jury's verdict thereon will not be disturbed.

No error.