RUTH BULLIN v. BILLY MOORE.

(Filed 13 December, 1961.)

1. **Appeal and Error § 41; Automobiles § 38—**

Where several witnesses have testified from their observation as to the excessive speed of defendant's car at or immediately before the accident, the admission of plaintiff's testimony as to such speed, being merely cumulative, will not be held prejudicial even if it be conceded that plaintiff's opinion was based in part upon what a patrolman told plaintiff as to the distance her vehicle was pushed by defendant's car after the collision rather than plaintiff's own knowledge of the physical facts at the scene of the accident.

2. **Evidence § 51—**

It is not required that an expert testify in response to hypothetical

questions when the witness has himself examined the person in question and is giving his expert opinion based on facts which he himself had observed.

### 3. Appeal and Error § 45—

Where the rights of the parties are determined by the answer of the jury to prior issues, alleged error relating to a subsequent issue cannot be prejudicial.

APPEAL by defendant from *Sink, E.J.*, at July 1961 Civil Term of SURRY.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Defendant in his answer denied negligence, alleged that plaintiff was contributorily negligent, and alleged, as a counterclaim, that plaintiff's negligence was the sole proximate cause of damage sustained by his automobile in the collision out of which the controversy arose.

At the trial, plaintiff offered evidence tending to show, among other things, that on 5 August, 1960, she was driving a pickup truck in a northerly direction along N. C. Highway 268 in Surry County north of Copeland, North Carolina; that as she approached the driveway to her house, she slowed down, gave an appropriate signal to turn left and began to turn into said driveway; that defendant's automobile approached her from the rear at a high rate of speed and attempted, without sounding his horn, to pass plaintiff on the left side; that while attempting to pass, defendant drove into the left side of plaintiff's vehicle, pushing it sideways some 78 feet; that plaintiff was carried to the hospital after the collision and returned home that night; that plaintiff went back to the doctor several times after that; and that plaintiff suffered pain and received possibly permanent injuries as a result of the collision.

Defendant offered evidence tending to show that he was driving his automobile behind plaintiff's vehicle at a speed of approximately 40 to 45 miles per hour immediately prior to the collision; that as he approached plaintiff's truck from the rear, he saw that the way ahead was clear, blew his horn and started to pass plaintiff; that plaintiff, without giving any signal of any kind, immediately turned left in front of him causing him to collide with her truck; and that as a result of the collision, his automobile was damaged in the amount of $1,200.00.

These issues were submitted to the jury and answered as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff by her own negligence contribute to her injuries as alleged in the answer? Answer: No.

"3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $4,000.00.

"4. Was the defendant's automobile damaged by the negligence of the plaintiff as alleged in the cross-action? Answer: No.

"5. What amount, if any, is the defendant entitled to recover of the plaintiff? Answer: _____."

From judgment on the verdict, defendant appeals to the Supreme Court and assigns error.

*Allen, Henderson & Williams for plaintiff appellee.*
*Norman & Reid for defendant appellant.*

WINBORNE, C.J.   The question for decision on this appeal is whether the trial and judgment can be sustained in the face of the exceptions shown in the record and debated on briefs. We are constrained to answer in the affirmative.

Question I: Did the court err in failing to strike plaintiff's testimony as to defendant's speed?

The record reveals that on cross-examination, plaintiff was asked to state the facts on which she based the belief that defendant was driving at a speed of 80 miles per hour. The questions and answers were as follows:

Q. "Now, on what did you found that belief?"

A. "The fact that he pushed me sideways, my truck, and the front end of my truck was in a bank, and the fact that he pushed me sideways through that bank. You can't do that at 50 miles an hour."

Q. "In other words?"

A. "I was going through a bank, and he was pushing me sideways."

Q. "And, of course, how did you know how far the pickup went down the road, or how far it was pushed?"

A. "The patrolman told me (the actual number of feet)."

Whereupon, defendant moved to strike all of plaintiff's testimony with reference to speed, on the ground that she had no basis for her opinion except hearsay. The motion was denied.

In this connection, if it should appear that plaintiff's opinion of defendant's speed was based, to some extent, on what she was told by the patrolman as to the exact distance her truck was pushed, it also appears from the above testimony that her opinion was based, in part, on the physical occurrences which she experienced and subsequently observed at the scene of the collision. And to this extent, it might well be argued that the jury was entitled to the benefit of this testimony on the theory, often stated by this Court in connection with

evidence of speed, that "physical facts speak their own language and are often heard above the voices of witnesses." *S. v. Hough,* 227 N.C. 596, 42 S.E. 2d 659; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Powers v. Sternberg,* 213 N.C. 41; 195 S.E. 88, and many others.

However, if it be conceded that it was error to admit plaintiff's testimony as to defendant's speed, it does not appear that such error would be prejudicial to defendant. Plaintiff's witness, Sid Parker, testified that he observed defendant's automobile for at least a quarter of a mile immediately before it struck plaintiff's truck, and that, in his opinion, defendant's car was traveling approximately 70 miles per hour at the time. Another witness, Billy Smith, testified that he was standing in a service station which is situated on Highway 268 about three-tenths or a quarter of a mile from the scene of the collision, and that he observed the defendant's car pass the service station immediately prior to the accident. In his opinion, the defendant was traveling at a speed of 75 miles per hour when he passed the service station.

Therefore, it appears that there was sufficient evidence tending to show that defendant's automobile was being driven at a speed of 70 miles per hour or more immediately prior to the collision. In such a situation, the rule is that the admission of incompetent evidence will not be held prejudcial when its import is abundantly established by other competent testimony. *Belhaven v. Hodges,* 226 N.C. 485, 39 S.E. 2d 366; *Carpenter, Solicitor, v. Boyles,* 213 N.C. 432, 196 S.E. 850; *Owens v. Lbr. Co.,* 212 N.C. 133, 193 S.E. 219; *Pickett v. Fulford,* 211 N.C. 160, 189 S.E. 488; *Phipps v. Indemnity Co.,* 203 N.C. 420, 166 S.E. 327; *Sawyer v. Weskett,* 201 N.C. 500, 160 S.E. 575.

Question II: Did the court err in allowing the following questions to be asked of an expert witness, the witness being the doctor who examined and treated plaintiff for injuries received in the accident?

Q. "And if Mrs. Bullin stated that she had a recurrence of stiffness of the neck since the accident, could that be attributable or is it probable for it to be attributable to the accident?"

Objection. Overruled.

A. "I think it is possible to attribute it to the neck injury sustained in the accident. Now, how probable, I couldn't say."

Q. "And, of course, Dr. Dudley, I assume that that might go on for an indefinite period of time."

A. "Yes, sir."

Objection. Overruled.

Defendant contends that the above questions were "highly improper and prejudicial", in that they were not hypothetical questions

with the applicable facts of plaintiff's injuries incorporated therein. We cannot agree. As was stated by *Adams, J.,* speaking of substantially similar testimony in *Dulin v. Henderson-Gilmer Co.,* 192 N.C. 638, 135 S.E. 614: "The witness testified as an expert, giving his opinion as to the usual and ultimate effect or consequence of such injuries as the plaintiff received. *Alley v. Pipe Co.,* 159 N.C. 327. His opinion was formed after he had made an examination of the plaintiff's teeth, and it was not necessary that all his answers should be based upon a hypothetical statement of facts. *In re Peterson,* 136 N.C. 13." See also *Dickson v. Coach Co.,* and *Chappell v. Coach Co.,* 233 N.C. 167, 63 S.E. 2d 297.

Queston III: Is defendant entitled to a new trial because of error in the court's charge relative to issues 4 and 5 involving defendant's right to recover on his counterclaim for damage to his automobile?

The court charged as follows:

"Mrs. Bullin, on the contrary, contends and insists, with respect to the claim for damage to his car, that there is not evidence before you to determine how or what happened to the car, when it was bought, when it was sold, and whether it was injured or damaged otherwise."

Defendant cites various portions of record and contends that such evidence is contained therein. Further, defendant argues that whether or not there is evidence is a question for the court. Thus, by stating plaintiff's contention that there was no evidence of the matters in question, the court gave an erroneous view of the law in stating the contentions of the parties. This, defendant argues, is prejudicial error according to law as stated in *Blanton v. Carolina Dairy, Inc.,* 238 N.C. 382, 77 S.E. 2d 922.

However, the record indicates that the court's charge was correct on Issues 1 (relating to defendant's negligence) and 2 (relating to plaintiff's contributory negligence). The jury answered both of these issues in favor of plaintiff. Thus, at this point, the rights of the parties were determined, and defendant was precluded from recovering on his counterclaim. (The court properly instructed the members of the jury not to consider Issues 4 and 5 if they answered Issues 1 and 2 in favor of plaintiff). In such case, if it be conceded that there is error in the above quoted portion of the court's charge, such error would not be prejudicial to defendant. As was stated by *Clarkson, J.,* in *Reid v. Reid,* 206 N.C. 1, 173 S.E. 10, "The Court will not consider exceptions and assignments of error arising upon the trial of other issues, when one issue decisive of appellant's right to recover has been found against him." *Williams v. Stores Co., Inc.,* 209 N.C. 591, 184 S.E. 496; *Winborne v. Lloyd,* 209 N.C. 483, 183 S.E. 756; *Ginsberg v. Leach,* 111 N.C. 15, 15 S.E. 882.

We have given careful consideration to all of defendant's assignments of error, and we find no error sufficently prejudicial to disturb the judgment of the court below. Hence in the trial below, we find
    No error.