SHIRLEY CASPER INGRAM AND HARRY NATHAN CASPER, THROUGH HIS AT-
    TORNEY IN FACT, DORIS C. CLOER, PETITIONERS v. GLENN CRAVEN,
    HELEN KONOPA, WILLIAM M. CRAVEN, DORIS CRAVEN, WILLIAM
    RAY LUDWICK, JOHN E. LUDWICK, SUSIE LUDWICK WILSON, ELLEN
    LUDWICK MARSH, MARY LUDWICK SCHMITT, ELIZABETH LUDWICK
    WATKINS, RAYMOND LUDWICK, JR., GLENN CASPER, JR., MILDRED
    CASPER CORBETT, AND BESSIE BURROW, FORMERLY BESSIE CASPER,
    ADDITIONAL RESPONDENT, RESPONDENTS, AND MARY CATHERINE CHEEK
    CRAVEN, INTERVENOR

No. 8319SC672

(Filed 15 May 1984)

1. Trial § 5— no error in allowing former attorney to remain in courtroom
        In an action concerning the partition of land, the trial court did not err in
    allowing appellants' former attorney to remain in the courtroom as a commis-
    sioner in partition proceedings even though he had filed a pleading adverse to
    appellants' interests after appellants terminated his services.

2. Partition § 3.2— partition proceedings—refusal to join purchasers—no error
        In a special proceeding for the partition of certain land held as a tenancy
    in common, there was no error and the court did not express an opinion by
    refusing to join the purchasers at the partition sale which followed as parties
    since the ruling took place outside the presence of the jury and since there
    was no possibility the purchasers would have contributed in any way to the
    issue at trial, the title to the land *before* the most recent purchase.

APPEAL by petitioner Ingram and additional respondent Bur-
row from *Freeman, Judge*. Judgment entered 31 January 1983 in

Superior Court, ROWAN County. Heard in the Court of Appeals 11 April 1984.

*Ottway Burton, P.A., by Ottway Burton, for petitioner Shirley Casper Ingram and additional respondent Bessie Casper Burrow, appellants.*

*Steven E. Lawing for respondent William M. Craven and intervenor respondent Mary Catherine Cheek Craven, appellees.*

BECTON, Judge.

This appeal is without merit, for the simple reason that the unchallenged verdict of the jury necessarily and conclusively compels our ruling that appellants, Shirley Casper Ingram and her mother, Bessie Casper Burrow, cannot have suffered harm from the errors alleged.

## I

Appellants initiated a special proceeding for the partition of certain land held as a tenancy in common. Appellees challenged appellants' right to share in the land or proceeds, relying on a deed allegedly executed by appellant Burrow and her deceased husband. The deed purported to transfer the Burrows' entire interest, on which appellant Ingram's interest depends, to appellees. The clerk held the disputed portion of the partition sale proceeds pending final resolution of the matter on appeal. A jury trial in Superior Court produced a verdict that the disputed deed was properly executed by appellants, and the court entered judgment thereon in favor of appellees.

## II

[1] When the trial began, appellants moved that their former attorney be "excused" because he filed a pleading adverse to appellants' interest after appellants terminated his services. The trial court denied appellants' motion, and we affirm. The attorney was present in the courtroom, but the record affirmatively discloses that he did not represent anyone or take part in or affect the trial in any way. He was present as the Commissioner in the partitioning proceedings. Moreover, our Constitution guarantees that courts shall be open; indeed, this is one of the sources of the courts' greatest strength. N.C. Const. Art. I, § 18 (1970); *In re*

*Nowell,* 293 N.C. 235, 237 S.E. 2d 246 (1977). We find no justification for excluding the attorney from the courtroom. The court did not err in allowing him to remain.

### III

[2] The jury decided one question: whether a deed transferring appellants' interest to appellees was validly executed. Appellants do not attack the jury's verdict except by suggesting that the court "inadvertently gave an expression of opinion" by refusing to join the purchasers at the partition sale as parties. That ruling took place outside the presence of the jury, however. Appellants do not suggest, nor can we discern, any possibility that the parties not joined would have contributed in any way to the issue at trial, the title to the land *before* the most recent purchase.

### IV

Therefore, since appellants have not shown prejudicial error as to the verdict, or other unfairness in the trial, the facts found by the jury are conclusive. *Morris v. Wrape,* 233 N.C. 462, 64 S.E. 2d 420 (1951). The verdict establishes that appellants have no interest in the subject property. If appellants have no interest on the subject property, other errors in the trial or prior proceedings are harmless as to them. *Coburn v. Roanoke Land and Timber Corp.,* 260 N.C. 173, 132 S.E. 2d 340 (1963) (defining "aggrieved party"); *Bullin v. Moore,* 256 N.C. 82, 122 S.E. 2d 765 (1961) (jury finding on decisive issue rendered any error on other issues harmless). Appellants thus also lack standing to challenge any transactions by which their former attorney may have received undue amounts from the proceeds of the sale.

### V

Appellants received a fair trial and have shown no prejudicial error therein. Their other assignments of error are not properly before this Court.

No error.

Judge WELLS concurs in the result.

Judge JOHNSON concurs.