NORTH CAROLINA STATE BAR v. PETER J. SPECKMAN

No. 8610NCSB577

(Filed 15 September 1987)

1. **Attorneys at Law § 11— disciplinary proceeding—letter from client to lawyer —admissibility**

    The N. C. State Bar Disciplinary Hearing Committee did not err in receiving into evidence a letter from defendant's client to defendant, since, even if the letter were incompetent, its import was established by other competent evidence.

2. **Attorneys at Law § 11— disciplinary proceeding—findings adequately supported by evidence—defendant's proposed findings properly rejected**

    Where the Disciplinary Hearing Committee's findings were supported by clear, cogent, and convincing evidence, the Committee was correct in rejecting defendant's proposed and alternative findings of fact.

3. **Attorneys at Law § 11— disciplinary proceeding—misappropriation of client's funds—sufficiency of evidence**

    The Disciplinary Hearing Committee did not err in concluding that defendant violated the Code of Professional Responsibility by misappropriating his client's funds where defendant held out to another lawyer that he would collect that lawyer's fee from his client if the lawyer would first send the bill to defendant; the lawyer sent his bill to defendant who then sent it to the client; the client sent the exact amount of the bill to defendant; the check was made out to defendant but included the notation that it was for the other lawyer; defendant endorsed the check but failed to forward any part of it to the lawyer; defendant failed to place the money in his trust account; and defendant appropriated the proceeds of the check to his own use when he knew that the funds were entrusted to him by the client solely for the purpose of paying the other lawyer's bill.

4. **Attorneys at Law § 11— disciplinary proceeding—commingling personal funds in trust account—sufficiency of evidence**

    The Disciplinary Hearing Committee did not err by concluding that defendant violated the Code of Professional Responsibility by commingling personal funds with clients' funds in his trust account where defendant claimed that he placed personal funds in his trust account for the sole purpose of making it possible to clear personal injury settlement drafts and checks so that his clients could be paid on the day of settlement, rather than having to wait several days for bank clearance of the funds, but Disciplinary Rule 9-102(A) allowed an attorney to keep personal funds in his trust account for two limited purposes, neither of which was the reason defendant commingled funds.

5. **Attorneys at Law § 11— disciplinary proceeding—refusal to produce documents in response to subpoena**

    The Disciplinary Hearing Committee did not err in concluding that defendant's refusal to produce documents in response to a Grievance Committee

subpoena violated N.C.G.S. § 84-28(b)(3), since a subpoena, contrary to defendant's contention, was a "formal inquiry" or "complaint" within the meaning of the statute which defendant was required to answer.

APPEAL by defendant from John B. McMillan, Chairman of the North Carolina State Bar Disciplinary Hearing Committee. Order entered 14 February 1986. Heard in the Court of Appeals on 12 November 1986.

*A. Root Edmonson for plaintiff appellee.*

*Smith, Patterson, Follin, Curtis, James and Harkavy by Norman B. Smith for defendant appellant.*

COZORT, Judge.

Plaintiff filed a complaint with the North Carolina State Bar Disciplinary Hearing Committee and alleged that defendant had violated various Disciplinary Rules of the Code of Professional Responsibility. Plaintiff's first claim for relief alleged that defendant improperly converted money sent to him by a client which was intended for another lawyer. The second and fourth claims for relief alleged that defendant failed to respond to subpoenas to produce records by the Grievance Committee of the North Carolina State Bar. The third claim for relief alleged that defendant commingled funds in his trust account. After a hearing, the Disciplinary Hearing Committee concluded that the retention of the client's money and the commingling of funds in his trust account were violations of the Disciplinary Rules of the Code of Professional Responsibility and that the failure to respond to the subpoena to produce records under the fourth claim was a violation of N.C. Gen. Stat. § 84-28(b)(3). The second claim for relief concerning the failure to produce records was dismissed.

As a result of these violations, the Hearing Committee entered an Order of Discipline which suspended defendant from the practice of law in North Carolina for three years. From this order, defendant appeals and contends that the Committee erred (1) in receiving into evidence a letter from defendant's client to defendant, (2) by failing to adopt defendant's proposed and alternate findings of fact, (3) by concluding that retaining a client's check intended for another attorney violated the Code of Professional Responsibility, (4) by concluding that commingling of funds

violated the Code of Professional Responsibility, (5) by concluding that his refusal to produce documents violated N.C. Gen. Stat. § 84-28(b)(3), and (6) by entering an order against him. We find that the defendant's contentions have no merit, and we affirm the order of the Hearing Committee.

Defendant was admitted to the North Carolina State Bar in December 1980, and at all times pertinent to this action maintained a law office in Charlotte, North Carolina. One of defendant's clients, Berdan's Deerfield Beach Art Galleries, Inc. (hereinafter Berdan's), was involved in a civil action brought in Johnston County, North Carolina. In late 1983, defendant employed Robert A. Spence, Jr., of the Johnston County law firm, Spence and Spence, as local counsel to represent Berdan's in that action. Defendant and Spence agreed that Spence would forward all his bills to defendant, who would then submit them to Berdan's. At the conclusion of the lawsuit in Johnston County, Spence sent a bill for $5,150.00 in legal fees to defendant. Defendant advised Irwin J. Sherwin of Berdan's of the amount of the bill. Sherwin forwarded a check dated 7 March 1985 and made payable "To the Order of Peter J. Speckman, Jr., Esq.," to defendant. The notation "For Spence and Spence" also appeared on the face of the check. Defendant endorsed Sherwin's check, but instead of forwarding the proceeds to Spence, he appropriated them for his own use. As a result, Spence sued both defendant and Berdan's, subjecting Berdan's to liability for a second time on the amount of the check.

In August 1984, defendant deposited $70,000.00 into his trust account at Southern National Bank. This money represented the settlement proceeds recovered on behalf of a client, Nadine Starnes. Defendant paid Starnes her share of the proceeds, but allowed the remainder, to which he was entitled as a fee, to remain in the trust account. Between August and October 1985, defendant wrote checks payable to himself or to cash from this trust account to cover office expenses.

Once the allegation of commingling funds was brought to plaintiff's attention, the Chairman of the Grievance Committee issued and served on defendant a Letter of Notice and a Subpoena to Produce Documents or Objects. Defendant appeared at the North Carolina State Bar office on the date directed by the

subpoena; however, he failed to produce the documents requested. The Grievance Committee issued a second subpoena for defendant to produce documents at the next meeting. Defendant appeared at the next meeting, but he again failed to produce the documents requested and filed motions to quash the subpoenas. These motions were denied by the Grievance Committee, and defendant was found in violation of N.C. Gen. Stat. § 84-28(b)(3).

[1] The defendant's first contention on appeal is that the Hearing Committee erred by receiving into evidence a letter to him from Sherwin. The letter was a cover letter which enclosed the $5,150.00 check for Spence's services. Defendant contends that there was no evidence that the original of this letter had either been mailed to or received by him. He argues that the letter's reception into evidence was prejudicial because it was used to support the Hearing Committee's findings of fact that defendant appropriated the proceeds of the check to his own use, when he knew they were intended for Spence. We disagree. The letter provides competent evidence that Sherwin intended the funds for Spence and that defendant knew this when he took the funds for himself. Assuming *arguendo* that the letter was incompetent, its admission was not prejudicial since its import can be established by other competent evidence. *See Bullin v. Moore*, 256 N.C. 82, 122 S.E. 2d 765 (1961). The fact that defendant knew the funds were for Mr. Spence can also be established by the following: (1) the notation on the check indicated that it was "For Spence and Spence"; (2) the check was for the exact amount of Mr. Spence's bill; and (3) the check was made out to defendant only three weeks after Mr. Spence gave his bill to defendant and just eight days after defendant testified he sent the bill to Mr. Sherwin. Therefore, the admission of the letter was not prejudicial, and the defendant's assignment of error is overruled.

[2] The defendant's second and third contentions are that the Hearing Committee erred by failing to adopt his proposed and alternative findings of fact. We disagree. The Hearing Committee acted correctly in not adopting defendant's findings since they were either immaterial or related to matters on which the Committee had already found facts supported by clear, cogent, and convincing evidence. "In a trial without a jury the court's findings are conclusive on appeal if supported by competent evidence. [Citations omitted.] The trial judge is required to make findings on

sufficient material facts to support the judgment, but is not required to make or adopt further findings which are not essential." *Lea Co. v. Board of Transportation*, 57 N.C. App. 392, 405, 291 S.E. 2d 844, 852 (1982), *affirmed*, 308 N.C. 603, 304 S.E. 2d 164 (1983). In attorney discipline and disbarment proceedings, findings of fact must be supported by clear, cogent, and convincing evidence drawn from the whole record. *N. C. State Bar v. Sheffield*, 73 N.C. App. 349, 354, 326 S.E. 2d 320, 323 (1985). The "whole record test" is the standard for judicial review of attorney discipline cases and requires the reviewing court to

> consider the evidence which in and of itself justifies or supports the administrative findings and . . . also [to] take into account the contradictory evidence or evidence from which conflicting inferences can be drawn. . . . Under the whole record test there must be substantial evidence to support the findings, conclusions and result. . . . The evidence is substantial if, when considered as a whole, it is such that a reasonable person might accept as adequate to support a conclusion.

*Id.* at 354, 326 S.E. 2d at 323, *quoting N. C. State Bar v. DuMont*, 304 N.C. 627, 643, 286 S.E. 2d 89, 98-99 (1982). After careful review of the whole record, we conclude that the Hearing Committee's findings were supported by clear, cogent, and convincing evidence. Therefore, we hold that the Hearing Committee was correct in rejecting defendant's proposed and alternative findings of fact.

[3] The defendant's fourth contention on appeal is that the Hearing Committee erred in concluding that he violated the Code of Professional Responsibility[1] by retaining the proceeds of Sherwin's check rather than sending the money to Spence. We disagree. The Hearing Committee concluded that by appropriating the $5,150.00 check to his own use, defendant engaged in illegal conduct involving moral turpitude in violation of Disciplinary Rule 1-102(A)(3) and in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Disciplinary Rule 1-102(A)(4).

---

1. The Code of Professional Responsibility has since been replaced by the Rules of Professional Conduct adopted by the North Carolina State Bar on 26 July 1985 and approved by the Supreme Court of North Carolina on 7 October 1985. All references in this opinion are to rules under the prior code, which governs this action.

The Hearing Committee also concluded that defendant's conduct resulted in a violation of Disciplinary Rules 9-102(A)(1), (A)(3) and (B)(5). These rules provide:

(A) PRESERVING THE IDENTITY OF CLIENT FUNDS AND PROPERTY, PROHIBITION OF COMMINGLING OF ATTORNEY AND CLIENT FUNDS AND PROPERTY.

(1) Any property received by a lawyer in a fiduciary capacity shall at all times be held and maintained separately from the lawyer's property, designated as such, and disbursed only in accordance with these rules.

\*  \*  \*  \*

(3) All money or funds received by a lawyer either from a client or from a third party to be delivered all or in part to a client, except that received for payment of fees presently owed to the lawyer by the client or in reimbursement for expenses properly advanced by the lawyer on behalf of the client, shall be deposited in a lawyer trust account. . . .

\*  \*  \*  \*

(B) RECORD KEEPING AND ACCOUNTING OF CLIENT FUNDS OR PROPERTY

\*  \*  \*  \*

(5) A lawyer shall promptly pay or deliver to the client or to third persons as directed by the client the funds, securities, or properties belonging to the client to which the client is entitled in the possession of the lawyer.

*Amendment to Code of Professional Responsibility*, 310 N.C. 771, 772-75 (1984).

Defendant held out to Spence that he would collect Spence's fee from Sherwin, if Spence would first send the bill to defendant. On 14 February 1985, Spence sent his bill to defendant, who then sent it to Sherwin on 27 February 1985. On 7 March 1985, Sherwin sent a check for $5,150.00, the exact amount of Spence's bill to defendant. The check was made out to defendant, but included

the notation "For Spence and Spence." Defendant endorsed the check, but he failed to forward any part of it to Spence or his law firm. He also failed to place the money in his trust account. Instead, defendant appropriated the proceeds of the check to his own use, when he knew that the funds were entrusted to him by Sherwin solely for the purpose of paying the Spence bill. Clearly, defendant's actions were in violation of the disciplinary rules cited above, and he is guilty of the misconduct found by the Hearing Committee. Therefore, we hold that the Committee did not err in concluding that defendant violated the Code of Professional Responsibility by misappropriating his client's funds.

[4]   The defendant's fifth contention is that the Hearing Committee erred by concluding that defendant violated the Code of Professional Responsibility by commingling personal funds with client's funds in his trust account. We disagree. The commingling of funds is committed when "a client's funds are intermingled with those of the attorney and their separate identity lost so that they may have been used for the attorney's personal expenses or subjected to the claims of the attorney's creditors." Annot., 94 A.L.R. 3d 846 (1979). Disciplinary Rule 9-102(A) prohibits the commingling of funds and states in pertinent part that:

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

*The North Carolina State Bar Code of Professional Responsibility*, 283 N.C. 783, 847 (1973).

N.C. State Bar v. Speckman

Defendant claims that he placed personal funds in his trust account for the sole purpose of making it possible to clear personal injury settlement drafts and checks so that his clients could be paid on the day of settlement, rather than having to wait several days for bank clearance of the funds. He argues that since his sole motivation was to help his clients receive their settlements sooner and was not to make unauthorized use of the trust account, that he should not be held to have violated the Code. However, defendant's motivation is not pertinent to whether there has been a violation of the Code. Disciplinary Rule 9-102(A) allows an attorney to keep personal funds in his trust account for two limited purposes. Making it possible to clear personal injury settlement drafts and checks for clients is not one of those purposes. The purpose of a trust account is to separate the funds of a client from those of his attorney. *Code of Professional Responsibility*, Ethical Consideration 9-5. Clearly, defendant violated Disciplinary Rule 9-102(A) by allowing his personal funds to be commingled with client funds in his trust account. Therefore, we hold the Hearing Committee did not err in concluding that defendant violated the Code by commingling funds.

[5] The defendant's sixth contention is that the Hearing Committee erred in concluding that his refusal to produce documents in response to a Grievance Committee subpoena violated N.C. Gen. Stat. § 84-28(b)(3), because that statute is not applicable to this situation. N.C. Gen. Stat. § 84-28(b)(3) provides that an attorney may be disciplined for

> [k]nowing misrepresentation of any facts or circumstances surrounding any complaint, allegation or charge of misconduct; *failure to answer any formal inquiry or complaint issued by or in the name of the North Carolina State Bar in any disciplinary matter*; or contempt of the council or any committee of the North Carolina State Bar. [Emphasis added.]

Defendant claims that a subpoena is not a "formal inquiry" or "complaint" as required by N.C. Gen. Stat. § 84-28(b)(3) (1985). We disagree.

As part of the formal pleading process, the Chairman of the Grievance Committee of the North Carolina State Bar has the power to issue subpoenas to compel the attendance of witnesses

and to compel the production of books, papers, and other documents or writings deemed necessary or material to the inquiry. *Rules, Regulations and Organization of the North Carolina State Bar*, Article IV, § 12(5). A subpoena issued by the Chairman of the Grievance Committee "shall have the force and effect of a summons or subpoena issued by a court of record . . . ." N.C. Gen. Stat. § 84-29 (1985). The procedure which the Chairman must follow in serving a subpoena reflects its importance as a formal inquiry. A subpoena for the production of documents must describe with sufficient particularity and definiteness the evidence which is required to be produced. *Vaughan v. Broadfoot*, 267 N.C. 691, 149 S.E. 2d 37 (1966). In addition, "[s]ervice of a subpoena for the production of documentary evidence may be made only by the delivery of a copy to the person named therein or by registered or certified mail, return receipt requested." N.C. Gen. Stat. § 1A-1, Rule 45(e) (1983). The subpoena is a type of "formal inquiry" contemplated by the General Assembly in defining the grounds for attorney discipline under N.C. Gen. Stat. § 84-28(b)(3). The defendant failed to produce documents as required and is subject to discipline as a result. Therefore, we hold that the Hearing Committee did not err in concluding that defendant violated N.C. Gen. Stat. § 84-28(b)(3).

Defendant's final contention on appeal is that the Hearing Committee erred by entering a disciplinary order against him. However, the findings of fact and conclusions of law made by the Committee support its Order of Discipline. Therefore, the Committee acted properly in entering an order against defendant.

Based on the foregoing, we hold that the findings of fact, conclusions of law and Order of Discipline entered by the Hearing Committee should be affirmed.

Affirmed.

Chief Judge HEDRICK and Judge MARTIN concur.